UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED, CDCR #AE-9821,<br><br>                    Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden,<br><br>                    Defendant. | Case No.: 3:18-cv-00361-JLS-JMA<br><br>**ORDER GRANTING MOTION SEEKING RELIEF FROM S.D. CAL. GENERAL ORDER 653**<br><br>(ECF No. 1) |

On February 9, 2018, Plaintiff Mychal Andra Reed, incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, and proceeding pro se, filed a one-page "Motion for Permission to Mail Civil Rights Act U.S.C. § 1983 Complaint." (*See* ECF No. 1.) Plaintiff claims the "prison facility" at RJD "refuses to allow him to e-file his complaint per General Order 653, by falsely feigning to have no knowledge" of it. (*Id.* at 1.)

S.D. Cal. General Order 653, first issued by the Judges of this Court on September 28, 2016, sets out the procedures whereby the U.S. District Court for the Southern District of California, in conjunction with the California Department of Corrections and Rehabilitation ("CDCR"), adopted a pilot program at RJD which requires prisoners incarcerated there who wish to file § 1983 actions *in forma pauperis* ("IFP") submit their

initial filings electronically with the Clerk of the Court. Any initial documents subject to General Order 653 that are received by the Clerk but which are not in conformance with General Order 653, are "accepted by the Clerk of Court for filing and docketed, but may be stricken by Court order as authorized by Local Civil Rule 83.1." *See* S.D. Cal. Gen. Order 653 ¶ 2.

Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court. *See* Civ. L. R. 83.11.a ("Any person appearing propria persona is bound by these rules of court and by the Fed. R. Civ. P. or Fed. R. Crim. P. as appropriate."); *see also* Civ. L. R. 83.1.a ("Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court" may result in sanctions, including dismissal); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012)); *Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.").

However, "district courts have broad discretion in interpreting and applying their local rules," *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation and citation omitted), and courts are to construe the pleadings of pro se litigants in civil rights cases liberally, affording them the benefit of doubt. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). "When a party fails to comply with [a] Local Rule …, the court can, in its discretion, refuse to consider the motion." *Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) (citations omitted). "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Id.* (citations omitted); *Mazal*

*Grp., LLC v. Espana*, No. 17-CV-05856-RSWL-KS, 2017 WL 6001721, at *2 (C.D. Cal. Dec. 4, 2017).

Here, Plaintiff seeks leave to file a civil rights complaint pursuant to 42 U.S.C. § 1983 by mail, and to be excused from compliance with General Order 653, based on a sworn allegation that unidentified prison officials at RJD have refused to allow him to e-file his complaint, and therefore are "blatantly attempting to hinder [him] from exercising his 14th amendment U.S. Constitutional rights." (*See* ECF No. 1, at 1.)

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to file a direct criminal appeal, habeas petition, or civil rights action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Indeed, while General Order 653 was adopted in part to assist prisoners in the exercise of this right, *see* S.D. Cal. Gen. Order 653 ("This pilot program is designed to reduce the cost and delay in processing court filings in civil rights cases brought by incarcerated plaintiffs under 42 U.S.C. § 1983."), and the Court has filed dozens of RJD prisoners' § 1983 complaints electronically pursuant to General Order 653 since its adoption, any prisoner subject to General Order 653 may file a motion seeking relief from its requirements, so long as he demonstrates good cause. *See* S.D. Cal. Gen. Order 653 ¶¶ 2, 5, 6; *see also* Fed. R. Civ. P. 5(d)(4) ("A clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.").

## Conclusion and Orders

Based on Plaintiff's sworn allegations, the Court finds good cause to excuse his compliance with General Order 653's e-filing requirements and **GRANTS** his Motion for Permission to mail a civil rights complaint pursuant to 42 U.S.C. § 1983 to the Court, (ECF No. 1). Should Plaintiff wish to proceed, he must, within 45 days of this Order, mail his Complaint together with *either* the full $400 civil filing fee required by 28 U.S.C. § 1914(a), *or* a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), to the Clerk of Court.

1  The Clerk of the Court is further **DIRECTED** to provide Plaintiff with a blank copy of its form 42 U.S.C. § 1983 Civil Rights Complaint, as well as a blank copy of its form Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed IFP for his use and convenience.

Plaintiff is **ORDERED** to include Civil Case No. 18-cv-00361-JLS-JMA on the title page of both his Complaint and his IFP Motion, attach no more than 15 additional pages to the Court's approved form Complaint, and otherwise comply with Fed. R. Civ. P. 10(a), by naming all the parties he wishes to sue in its caption.

If Plaintiff fails to mail his completed Complaint to the Clerk of the Court <u>within 45 days</u>, the Court will dismiss this case without prejudice based on Plaintiff's failure to prosecute. *See* Civ. L. R. 41.1, 83.1.a.

**IT IS SO ORDERED**.

Dated: February 26, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge