UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden;<br>L. LUNA, Lieutenant;<br>E. ZENDEJAS, Correctional Officer;<br>C. CRESPO, Correction al Officer,<br><br>        Defendants. | Case No.:  18-CV-361 JLS (LL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 15) |

   Presently before the Court is a Motion to Dismiss filed by Defendants Daniel Paramo, E. Zendejas, C. Crespo, and J. Luna ("Mot.," ECF No. 15). Also before the Court is Plaintiff Mychael Andra Reed's response in opposition to ("Opp'n," ECF No. 17) and Defendants' reply in support of ("Reply," ECF No. 21) the Motion. Having considered the Parties' arguments and the law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

/ / /

/ / /

/ / /

/ / /

# FACTUAL BACKGROUND[1]

Plaintiff was a state prisoner at Richard J. Donovan Correctional Facility ("RJD") at the time of the events giving rise to this action. FAC at 1. Plaintiff is deaf/hearing impaired. *Id.* at 3, 34–36. Plaintiff alleges five causes of action arising from violation of his First and Eighth Amendment rights:

## A. Claim 1

On or about September 5, 2017, Plaintiff was playing baseball on the softball field when he suddenly observed his teammates falling to the ground.[2] *Id.* at 3, 16. He did not hear an alarm because the hearing aid for his one "semi-operable ear" was in his sock due to its recent malfunctioning. *Id.* at 16. He jogged a couple feet away to retrieve his safety vest, issued to him to indicate hearing disability. *Id.* Plaintiff was approached by Defendant Zendejas, a correctional officer, who motioned for his identification. *Id.* Initially, Plaintiff could not understand what Defendant Zendejas was communicating, but eventually produced his identification. *Id.* Defendant Zendejas motioned Plaintiff to go to his building, so he left. *Id.*

As a result of this interaction, Defendant Zendejas issued a Rules Violation Report ("RVR") to Plaintiff for disobeying a direct order. *Id.* at 3, 38. The RVR states that Defendant Zendejas saw Plaintiff "not wearing his 'Hearing Impaired' vest, but had his hearing aids in place" on the softball field while running to retrieve his vest, and that she ordered Plaintiff to get down, but he did not. *Id.* at 38. The RVR includes the following from Defendant Zendejas: "I counselled [Plaintiff] about not getting down and not wearing

---

[1] Because this is a motion to dismiss, the Court must accept as true all material allegations in the FAC and must construe the FAC and all reasonable inferences drawn from it in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] Plaintiff states in his FAC that the incident occurred on September 5, 2017. FAC at 3. The Rules Violation Report for the incident also states that the incident occurred on September 5, 2017. *Id.* at 38. In Plaintiff's letter dated September 5, 2017, to prison administrators, however, he states that the incident occurred on September 4, 2017. *Id.* at 16–17.

his vest. [Plaintiff] was not receptive and stated 'I don't understand, I can't hear you.' I advised Inmate Reed he would be receiving a Rules Violation Report for disobeying a direct order." *Id.*

On September 5, 2017, Plaintiff wrote a letter to "whom it may concern" at RJD regarding "correction officer harassment" and described the incident on the softball field with Defendant Zendejas. *Id.* at 16–17. In the letter, Plaintiff alleges that he had witnessed Defendant Zendejas harassing inmates previously. *Id.* at 17.

On September 23, 2017, an administrative hearing was held before Defendant Luna who found Plaintiff guilty but reduced the RVR to a "Counselling Chrono based on a preponderance of evidence." *Id.* at 45.

On October 11, 2017, Plaintiff wrote to Defendant Paramo, the warden of RJD, regarding the results of the September 23, 2017 hearing and his plans to appeal Defendant Luna's decision. *Id.* at 18. In the letter, Plaintiff alleges that the RVR was "phon[]y" because Defendant Zendejas did not order him to get down. *Id.* Plaintiff further alleges that Defendant Luna's affirmation encourages more dishonest conduct by Defendant Zendejas. *Id.* Plaintiff states that although the RVR was reduced to a counselling chrono, it will appear in his inmate file as disobeying an order and reflect negatively on him. *Id.*

**B.  Claim 2**

On or about November 2, 2017, Plaintiff was issued an RVR prepared by Defendant Crespo for "disrespect w/out Potential for Violence/Disruption" for failing to stop when Defendant Crespo ordered him to, failing to get down when an alarm sounded, and swearing at Defendant Crespo.[3] *Id.* at 11, 49–50. Plaintiff denies the allegations in the RVR, claims that they are false and fabricated, and alleges that it was generated by Defendant Crespo in retaliation for Plaintiff's complaints to Defendant Crespo's superiors

---

[3] Plaintiff states that the incident occurred on November 2, 2017, but the RVR indicates that the violation occurred on November 3, 2017. FAC at 4, 49. Plaintiff alleges that Defendant Crespo changed the actual date of the incident on the RVR. *Id.* at 4.

"about her childlike and unprofessional conduct as a supposed peace officer." *Id.* at 11, 23, 72–74. Plaintiff attached the RVR to the FAC, which indicates that it was at the level of "counseling only." *Id.* at 49–50. Plaintiff also states that he appealed the RVR, but it was affirmed after his witness was never questioned by the hearing officer.[4] *Id.* at 4.

## C.    Claim 3

On November 9, 2017, correctional officer Ochoa "trashed" Plaintiff's cell. *Id.* at 3, 5, 19, 24, 26. When Plaintiff asked Ochoa why he trashed his cell, Defendant Zendejas pointed a rifle at Plaintiff from her position in the tower. *Id.* at 3, 5, 19, 21, 26. Plaintiff believes that because he had never had difficulties with Ochoa previously, Defendant Zendejas must have directed Ochoa to trash Plaintiff's cell to anger Plaintiff and justify shooting him in retaliation for the reduction of an RVR that she issued to him on or about September 4, 2017, *see supra* Part A, and for letters Plaintiff wrote to Defendants Paramo and Luna complaining about her "corrupt/dirty conduct." FAC at 3, 5, 19–20, 67–68.

## D.    Claim 4

On January 15, 2018, Plaintiff was given an RVR dated January 12, 2018, prepared by Defendant Zendejas for disobeying an order to show Plaintiff's identification card. *Id.* at 6, 54. Defendant Zendejas also stated in the RVR that Plaintiff was wearing his hearing aid, but behaved as if he did not hear her. *Id.* at 54. Plaintiff denies the allegations in the RVR as false and fabricated because he was not wearing his hearing aid on January 12, 2018, and he did not have any encounter with Defendant Zendejas on January 12, 2018. *Id.* at 6. Plaintiff believes the January 12, 2018 RVR was retaliation by Defendant Zendejas for the written complaints Plaintiff made about her to her superiors. *Id.*

/ / /

/ / /

---

[4] Plaintiff attached a declaration signed by the witness and dated November 15, 2017, stating that "[a]t no time during this encounter with c/o Crespo did [Plaintiff] use foul language or raise his voice" and that Plaintiff was responsive to orders. FAC at 52.

### E.    Claim 5

Plaintiff claims that prison officials have ignored or inadequately investigated his letters complaining that Defendant Zendejas has retaliated against Plaintiff and other inmates by fabricating RVRs and persistently harassing inmates who file complaints against her, especially those, like Plaintiff, who have signed "602 grievances" asking to have Defendant Zendejas removed from her position as tower control officer. *Id.* at 7, 60–64. Plaintiff also claims that it is "common protocol" for prison officials to retaliate against inmates who complain about them by fabricating RVRs because the RVRs hinder inmates from future parole consideration. *Id.* at 8. Plaintiff further claims that prison officials' failure to protect him from retaliation is a violation of his Eighth Amendment rights against cruel and unusual punishment and is causing him mental and emotional damage. *Id.* at 9. Additionally, Plaintiff claims that RJD staff, in retaliation for Plaintiff's instant complaint to this Court and complaints to other courts, have refused to e-file his complaint as required by General Rule 653 for the U.S. District Court for the Southern District of California, have intercepted his legal mail, and have put Plaintiff's area of RJD on "lockdown" for contrived reasons. *Id.* at 10–11. Plaintiff states that he "believes retaliation by defendant is also due to him contacting the Office of Internal Affairs (O.I.A.) and because of his pending Civil Rights complaint in another court (U.S.C.D. case No. cv-12-10727-VAP-JCG) that RJDCF warden (D. Paramo), defendant, let plaintiff know he was aware of via correspond[e]nce letter." *Id.* at 11. Plaintiff claims that fabricated RVRs and other forms of harassment, such as putting the entire yard on "lockdown" in which inmates are confined to their cells twenty-three hours a day, is a "common protocol" and retaliation for Plaintiff "trying to utilize his First [A]mendment rights." *Id.*

### PROCEDURAL BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*. ECF No. 8. On February 2, 2018, Plaintiff filed his original Complaint ("Compl.") against Daniel Paramo, warden, pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See generally* ECF No. 1.

On February 26, 2018, Plaintiff filed his Amended Complaint ("FAC") against Warden Paramo, correctional officers Zendejas and Crespo, and Lt. Luna. *See generally* ECF No. 3. The FAC sets forth various claims against Defendants alleging that they violated his civil rights by (1) retaliating against him in violation of the First and Eighth Amendments to the United States Constitution, and (2) subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. *See id.*

On July 30, 2018, Defendants filed the instant Motion. *See generally* ECF No. 15.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleader must provide the Court with "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks omitted).

When, as here, a plaintiff appears *pro se*, the Court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff may not supply missing elements

in his opposition. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012).

## ANALYSIS

### I.    Eighth Amendment Claims

Plaintiff alleges that the acts by Defendants in Claim 5 violated his Eighth Amendment rights to be free of cruel and unusual punishment. FAC at 7–11. Plaintiff also alleges that the acts by Defendants in Claims 1 through 4 violated his Eighth Amendment rights because he is being harassed by Defendants Zendejas and Crespo with false RVRs and Defendants Paramo and Luna are deliberately indifferent to the harassment and retaliation. *Id.* at 2–6.

Defendants move to dismiss Plaintiff's FAC because he fails to show that Defendants were deliberately indifferent to his health, safety, or conditions of confinement in violation of Plaintiff's Eighth Amendment rights. Mot. at 2. Specifically, Defendants contend that Plaintiff fails to state an Eighth Amendment claim for cruel and unusual punishment against any of them because Plaintiff fails to allege that he has suffered any serious deprivation. Mot. at 12–15.

Plaintiff responds that he "believes he has presented enough evidence in his FAC to prove beyond a reasonable doubt (conclusively) that defendant has indeed violated his constitutional rights and that defendant conduct (abuse) does exist and is NOT an aberration, but consistent conduct among[s]t defendant and its affiliates and must be STOPPED." Opp'n at 8.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To assert that a prison official violates the Eighth Amendment due

to the conditions of confinement, a plaintiff must make two showings. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Routine discomfort inherent in the prison setting is not enough to satisfy the objective prong, but a prison official's act or omission that results in a denial of "the minimal civilized measure of life's necessities" is sufficiently serious. *Id.* (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Minimal humane necessities include adequate food, clothing, shelter, medical care, and reasonable measures to ensure personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'" *Johnson*, 217 F.3d at 731 (quoting *Wilson*, 501 U.S. at 298). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, the Court finds that Plaintiff fails to allege a sufficiently serious deprivation to rise to the level of an Eighth Amendment violation. In Claim 5, Plaintiff alleges that the "common protocol" by prison officials when they find that a circumstance "irritates or agitates" an inmate is to keep that circumstance in place. FAC at 8. Thus, when Plaintiff complained about Defendant Zendejas, she remained in her position as Tower correctional officer. *Id.* at 7. A situation that "irritates or agitates" Plaintiff does not rise to the level of a sufficiently serious deprivation. In Claims 1 through 4, Plaintiff alleges harassment with fabricated RVRs. *See supra* Parts A–D. Harassment with false RVRs is not an extreme deprivation of Plaintiff's basic human needs sufficient to state an Eight Amendment violation. *See Warren v. Shawnego*, No. 1:03-CV-06336-AWI-SMS PC, 2010 WL 5110256, at *3 (E.D. Cal. Dec. 9, 2010) ("Neither the issuance of the false rules violation

report nor Plaintiff's placement in administrative segregation states an Eighth Amendment claim."). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims as to Defendants Paramo, Luna, Zendejas, and Crespo.

///

## II.    First Amendment Claims

The Ninth Circuit has stated that there are five elements of a viable claim of First Amendment retaliation in the prison context. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). The filing of a prison grievance is protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Second, Plaintiff must allege that state actors took adverse action against an inmate. *Id.* at 567. "[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim*, 585 F.3d at 1270. Third, Plaintiff must allege that the adverse action was taken because of Plaintiff's protected conduct. *Watison*, 668 F.3d at 1114. "[P]laintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim*, 585 F.3d at 1271 (internal quotation marks omitted). Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568–69 (internal quotation marks omitted). The standard regarding chilling is an objective one and Plaintiff is not required to show that his protected conduct was actually inhibited or suppressed. *Brodheim*, 584 F.3d at 1271 (citing *Rhodes*, 408 F.3d at 568–69). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm." *Id.* at 1269. Fifth, Plaintiff must allege that the retaliatory action did not advance legitimate goals of the correctional institution. *Id.*

### A.    Defendant Crespo

Plaintiff alleges in Claim 2 that Defendant Crespo fabricated an RVR and falsely stated that Plaintiff swore at her and that she exhibited disrespect in retaliation for

Plaintiff's complaints to Defendant Crespo's superiors about her childlike and unprofessional conduct. FAC at 4. Plaintiff attached a document entitled "Inmate M. Reed #AE9821 Statement Pertaining to C/O Crespo RVR Date: November 3, 2017," containing no address, but beginning with "to whom it may concern" and signed and dated November 17, 2017. *Id.* at 23. The document states that Defendant Crespo fabricated the November 3, 2017 RVR because Plaintiff "previously wrote her superiors concerning her unprofessional and childish behavior as a peace officer." *Id.* Plaintiff also attached a CDCR Form 602 Inmate Appeal signed and dated November 17, 2017, denying the allegations of the RVR prepared by Defendant Crespo, *id.* at 72–73, and an inmate "request for interview, item or service" form signed and dated November 5, 2017, stating that "C/O Crespo continues to incite inmates at will while exhibiting 'childish behavior' knowing full and well her superiors will back her up." *Id.* at 74.

Defendant Crespo argues that although Plaintiff alleges that he made verbal complaints about her, he fails to advance any facts demonstrating that she was aware of those complaints or that there was a temporal proximity between his complaints and the RVR prepared by her. Mot. at 10. Plaintiff responds "it should be quite obvious c/o Crespo was totally embellishing facts (lying) in her RVR due to the fact a Sergeant (Duncan) was present during the time she was communicating with [Plaintiff]" because Sergeant Duncan would have "IMMEDIATELY cuffed and hauled [Plaintiff] to the 'HOLE' had he cursed and disrespected c/o Crespo as she (falsely) claims he did." Opp'n at 3.

The Court finds that Plaintiff has failed to allege facts that Defendant Crespo prepared the RVR because of Plaintiff's protected conduct. The documents that Plaintiff attached to his FAC regarding Defendant Crespo are all dated after the RVR was issued. Plaintiff must make a plausible allegation that Defendant Crespo was aware of Plaintiff's complaints about her and that the complaints were the substantial or motivating factor for the false RVR. *See Brodheim*, 584 F.3d at 1271. Instead, Plaintiff has presented only a legal conclusion that Defendant Crespo was aware of Plaintiff's complaints prior to issuing the RVR. *See Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014) (finding a First

Amendment retaliation claim failed because there was nothing in the record to show that defendants knew of an earlier lawsuit that allegedly prompted retaliation against the plaintiff). Accordingly, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's First Amendment claims as to Defendant Crespo.

### B. Defendant Zendejas

Plaintiff alleges that Defendant Zendejas violated his First Amendment rights to be free from retaliation when she did the following:

(1) In Claim 1, Defendant Zendejas fabricated an RVR on September 5, 2017, by falsely accusing Plaintiff of disobeying an order that Plaintiff claims was never made, and that after Plaintiff wrote "several letters to c/o [Z]endejas's superiors (see Exh. A), the only thing that has occur[r]ed is 'RETALIATION' on c/o [Z]endejas's part (see Exh. G and Count 3) and more 'FABRICATED' RVR's being generated." FAC at 3, 18.

(2) In Claim 3, on November 9, 2017, Defendant Zendejas "coerced floor c/o (Ochoa) to TRASH plaintiff's cell to incite him to anger" and, when Plaintiff questioned Ochoa, Defendant Zendejas "was pointing the gun (rifle) at [Plaintiff]" from her duty position in the tower of Plaintiff's module, even though Plaintiff "was not threatening c/o Ochoa, just asking him why he destroyed [his] cell." *Id.* at 3, 5, 19. Defendant Zendejas did this as retaliation against Plaintiff after the RVR she prepared on September 5, 2017, was reduced and because Plaintiff wrote letters to Defendant Paramo and Defendant Luna "pertaining to her corrupt/dirty conduct." *Id.* at 19–20.

(3) In Claim 4, on January 12, 2018, Defendant Zendejas prepared an RVR that "'FALSELY' 'ALLEG[ED]' that [Plaintiff] disobeyed an order from c/o [Z]endejas." *Id.* at 6. The RVR states that Defendant Zendejas ordered inmates to show their state-issued identification cards as they entered the dining hall, but Plaintiff "ignored [her] order and continued inside." *Id.* at 54. The RVR further states that Plaintiff "is hearing impaired, therefore wears a hearing aide, which he was wearing." *Id.* It also states that Defendant Zendejas "counseled [Plaintiff] about not following orders" but Plaintiff "was not receptive and continued to behave as though not [to] hear." *Id.* Plaintiff alleges that he "DID NOT

18-CV-361 JLS (LL)

HAVE ANY ENCOUNTER WITH C/O ZENDEJAS ON 1/12/18 AS HER RVR FALSELY STATES," and that this is harassment and retaliation by Defendant Zendejas "who seems OBSESSED with retaliating against plaintiff for the several complaints he filed with her superiors" concerning her abusive conduct. *Id.* at 6.

Defendants moves to dismiss Plaintiff's FAC for failure to state a First Amendment retaliation claim against Defendant Zendejas for the following reasons: (1) Plaintiff fails to show that Defendant Zendejas issued the September 5, 2017 RVR because of complaints that Plaintiff lodged against her due to the fact that Plaintiff's complaints were made after the RVR was issued, Mot. at 17; (2) Plaintiff fails to show that the September 5, 2017 RVR did not advance a legitimate penological goal because Plaintiff's FAC provides evidence that he committed the underlying rules violation, *id.*; and (3) Plaintiff's allegations that Defendant Zendejas conspired with Ochoa to set up the November 9, 2017 incident are entirely conclusory because Plaintiff did not provide any direct or circumstantial evidence of a conspiracy. *Id.* at 19–20.

Plaintiff responds in support of his First Amendment retaliation claims against Defendant Zendejas that (1) Defendant Zendejas's allegations in the September 5, 2017 RVR are false and that Plaintiff was denied the opportunity to present a witness at the RVR hearing "to substantiate his claim that c/o Zendejas was NOT being honest" in violation of his due process rights, Opp'n at 1–3; (2) Plaintiff wrote letters complaining about Defendant Zendejas to Defendant Paramo on September 5, and October 11, 2017, and exactly one month later, she was permanently assigned to Plaintiff's housing unit and, on her first day, she "order[ed] floor c/o ([O]choa) to trash [Plaintiff's] cell and then c/o Zendejas point[ed] a gun at [Plaintiff] as he question[ed] Ochoa as to why he trashed his cell," *id.* at 4; and (3) a correctional officer's superiors are "required to inform [officers] of complaints lodged against them for their own safety. *Id.* at 4–5.

Defendant Zendejas replies that (1) Plaintiff fails to state a due process violation because the RVR was "reduced to a Counseling Chrono based on a preponderance of evidence," which is not a denial of Plaintiff's liberty or property interest, Reply at 2; and

(2) counseling chronos are not "adverse actions" as required by a First Amendment claim for retaliation. *Id.* at 3–4.

///

///

### 1. Claim 1: September 5, 2017 RVR

The Court finds that Plaintiff has failed to allege facts that Defendant Zendejas prepared the September 5, 2017 RVR (Claim 1) because of Plaintiff's protected conduct to file grievances.[5] The documents that Plaintiff attached to his FAC regarding Defendant Zendejas are all dated after the September 5, 2017 RVR was issued.[6] To survive a motion to dismiss, Plaintiff must make a plausible allegation that Defendant Zendejas was aware of Plaintiff's complaints about her and that the complaints were the substantial or motivating factor for the false RVR. *See Brodheim*, 584 F.3d at 1271. Because the complaints about Defendant Zendejas were made after the September 5, 2017 RVR was issued, those complaints could not be the motivating factor for the RVR. Accordingly, the Court and **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's First Amendment claim as to Defendant Zendejas in her actions as to the September 5, 2017 RVR (Claim 1).

### 2. Claim 3: November 9, 2017 Conspiracy

"To state a conspiracy claim under § 1983, a plaintiff must 'show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional violation.'" *Beattie v. Armenta*, No. 14cv02310 WQH (RBB), 2015 WL 10319088, at *9 (S.D. Cal. July 27, 2015). For liability, each participant "must at least share the common objective of the conspiracy,"

---

[5] The Court will address the due process claim alleged in Claim 1 below. *See infra* Part II.D.1.

[6] The documents are dated September 5, 2017, FAC at 3–4; October 11, 2017, *id.* at 18; November 11, 2017, *id.* at 19–20; November 18, 2017, *id.* at 21; and January 9, 2018, *id.* at 22, as well as a CDCR Form 602 Inmate Appeal dated December 3, 2017, *id.* at 67–69, and a CDCR Form 602 Inmate Group Appeal dated December 26, 2017, which Plaintiff signed along with other inmates asking for Defendant Zendejas to be removed from her position as tower control officer. *Id.* at 60–64.

13

and "[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions." *Id.* (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)). A "plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights." *Id.* (citing *Miller v. Cal. Dep't of Soc. Servs.*, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004)).

The Court finds that Plaintiff fails to allege facts showing that Defendant Zendejas conspired with Ochoa to bring about the events on November 9, 2017, in retaliation for Plaintiff's complaints about Defendant Zendejas. Plaintiff makes only conclusory allegations unsupported by specific facts that Defendant Zendejas coerced Ochoa into trashing Plaintiff's cell. Plaintiff merely states that Defendant Zendejas and Ochoa were both working on November 9, 2017. FAC at 19. Plaintiff also states that Ochoa was "uncharacteristically aggressive and angry toward [him]." *Id.* These statements fail to show or infer an agreement between Defendant Zendejas and Ochoa to retaliate against Plaintiff for his complaints. *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) ("[Plaintiff's] claims against all the defendants for a conspiracy to violate his constitutional rights under section 1983 also fail because they were supported only by conclusory allegations."). Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's First Amendment claim as to Defendant Zendejas in her actions as to the November 9, 2017 incident (Claim 3).

### 3. Claim 4: January 12, 2018 RVR

The Court finds that Plaintiff has plausibly stated a First Amendment retaliation claim against Defendant Zendejas as to the January 12, 2018 RVR described in Claim 4. First, Plaintiff sufficiently alleges that the retaliated-against conduct are his letters of complaint about Defendant Zendejas written to her superiors on September 5, 2017, FAC at 3–4; October 11, 2017, *id.* at 18; November 11, 2017, *id.* at 19–20; November 18, 2017, *id.* at 21; and January 9, 2018, *id.* at 22, as well as a CDCR Form 602 Inmate Appeal dated

December 3, 2017, *id.* at 67–69, and a CDCR Form 602 Inmate Group Appeal dated December 26, 2017, which Plaintiff signed along with other inmates asking for Defendant Zendejas to be removed from her position as tower control officer. *Id.* at 60–64. The filing of a prison grievance is protected conduct. *Watison*, 668 F.3d at 1114.

Second, Plaintiff sufficiently alleges that state actors took adverse action against him. Plaintiff stated that Defendant Zendejas "continues to retaliate at will against plaintiff and all other inmates who file complaints against her, particularly those inmates who signed 602 grievance RJD-D-17-07453 (Exh. I) against her to have her removed." FAC at 7. Plaintiff further alleges that discipline documents, such as RVRs, mar inmates' prison files and "hinder inmates from possible future parole consideration," and that Defendant Zendejas retaliates against Plaintiff's complaints about her by fabricating RVRs about Plaintiff. *Id.* at 5–8. Defendants argue that Plaintiff has failed to establish the required "adverse action" element because "[c]ourts have consistently held that counseling chronos are not adverse actions for purpose of retaliation." Reply at 3–4 (collecting cases).

The Court is not persuaded by Defendants' cited cases because they refer to "administrative chronos" or "128-B chromos," not RVRs that are classified at the "counseling only" level. *See Jenkins v. Caplan*, No. C 02-5603 RMW PR, 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) ("Thus, there is no genuine issue of material fact that Caplan's CDC 128-B was not an adverse action against plaintiff sufficient to establish the first element of retaliation."). In one of Defendants' cited cases, the court expressly differentiated between "administrative chronos" and RVRs: "Defendant's contention that a false RVR fails to state a claim is not accurate." *Williams v. Woodford*, No. 1:06-CV-01535-DLB PC, 2009 WL 3823916, at *3 (E.D. Cal. Nov. 13, 2009) (citing *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (finding that prison officer filing false disciplinary action against inmate in retaliation for inmate's use of grievance system is sufficient adverse action for retaliation claim)). Here, Plaintiff alleges that Defendant Zendejas fabricated the January 12, 2018 RVR, which he attached to the FAC; it is clearly titled "Rules Violation Report." FAC at 54.

Further, the Ninth Circuit has found that a false accusation of violating a prison rule is not per se insufficient to state a First Amendment retaliation claim. *See Hines*, 108 F.3d at 269. In *Hines*, the appellate court considered whether a prisoner's allegations that a correctional officer falsely accused him of violating a prison rule in retaliation for prisoner's complaints was a sufficient injury to state a First Amendment retaliation claim. *Id.* The court reasoned that "[Plaintiff] has alleged [Defendant]'s false charge infringed his First Amendment right to file prison grievances. . . . [T]he injury asserted is the retaliatory accusation's chilling effect on [Plaintiff's] First Amendment rights, not the additional confinement or the deprivation of the television." *Id.* Consequently, the court "h[e]ld that [Plaintiff's] failure to demonstrate a more substantial injury d[id] not nullify his retaliation claim." *Id.*

Here, the Court finds that Plaintiff has stated a sufficient adverse action for a First Amendment retaliation claim by alleging the negative impact that RVRs have on parole considerations and that when Plaintiff has complained about Defendant Zendejas, she has retaliated with harassment and false RVRs. *See id.*; *see also Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("As we observed in *Hines v. Gomez*, 108 F.3d 265 (9th Cir. 1997), a retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights."); *Brodheim*, 585 F.3d at 1270 ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.")).

Third, Plaintiff sufficiently alleges that the adverse action was taken because of his complaints and grievances. He states that he wrote letters of complaint about Defendant Zendejas to her superiors on September 5, 2017, FAC at 3–4; October 11, 2017, *id.* at 18; November 11, 2017, *id.* at 19–20; November 18, 2017, *id.* at 21; and January 9, 2018, *id.* at 22, as well as a CDCR Form 602 Inmate Appeal dated December 3, 2017, *id.* at 67–69, and a CDCR Form 602 Inmate Group Appeal dated December 26, 2017, which Plaintiff signed along with other inmates asking for Defendant Zendejas to be removed from her position as tower control officer. *Id.* at 60–64. He also states that "c/o's superiors are

required to inform c/o's of complaints lodged against them for their own safety." Opp'n at 4.

Fourth, Plaintiff sufficiently alleges that the false RVRs would chill or silence a person of ordinary firmness from future First Amendment activities by explaining the negative effects of RVRs in an inmate's prison records and by stating that "it is a futile endeavor (and dangerous) for inmates to use the appeal system . . . against . . . 'CROOKED' c/o's . . . harassment and retaliation will in most all cases, escalate to the highest degree, either subtly (mail re-routed or kept from inmate, care packages sent back to vendor for erroneous reasons, menu (meal) changes to most undesirable foods and etc.) or blatantly, (inmate sent to the 'HOLE' or 'SHU' (security housing unit) on contrived charged, cells trashed, persistent 'BOGUS' RVR write ups and NO PROGRAM (lockdowns for erroneous reasons)." FAC at 9.

Fifth and finally, Plaintiff sufficiently alleges that the retaliatory action did not advance legitimate goals of the correctional institution. He stated that the January 12, 2018 RVR did not occur at all and was only issued in retaliation to harass Plaintiff. Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiff's First Amendment claim as to Defendant Zendejas in her actions as to the January 12, 2018 RVR (Claim 4).

### C.    *Defendant Paramo*

Plaintiff alleges that Defendant Paramo failed to protect him from deliberate retaliation and performed an inadequate investigation into his complaints, in violation of his First Amendment rights. FAC at 2. Specifically, Plaintiff alleges that Defendant Paramo, as Defendant Zendejas's superior, ignored Plaintiff's complaints about Defendant Zendejas and that Defendant Paramo has kept her in her duty position where she "retaliates at will against all inmates who complain or have filed complaints against her." *Id.* at 3, 5. Plaintiff further states that within the state prison system, "it is also common 'PROTOCOL' (NOT AN ABERRATION) by prison officials, to 'RETALIATE' against inmates who complain against 'CROOKED' c/o's, by marring inmates['] C-files (prison records) with 'FABRICATED' discipline documents . . . to hinder inmates from possible

future parole consideration." *Id.* at 8. Plaintiff also states that Defendants "continue to violate plaintiff's U.S. Constitutional rights at will (and a 'COMMON PROTOCOL' to make all inmates suffer for one inmate filing a complaint to an outside court) by retaliating for him (plaintiff) trying to utilize his First [A]mendment rights." *Id.* at 11.

Defendant Paramo moves to dismiss Plaintiff's First Amendment violation claim against him because (1) Plaintiff does not allege that Defendant Paramo retaliated against Plaintiff, and (2) prison officials cannot be held liable for the unconstitutional conduct of subordinates absent personal participation in the alleged deprivation. Mot. at 21–22.

Plaintiff responded that "his allegations of defendants (CDCR) abuse/corruption can be substantiated via thousands of cases (past and present) . . . where the exact same issues plaintiff has in his complaint (due process violations, generating of 'PHON[]Y' RVR writeups, harassment and RETALIATION) is alleged by other of defendants['] inmates, proving [Plaintiff]'s assertion that defendants['] conduct is in fact 'COMMON PROTOCOL,' NOT TO MENTION, the hundreds of cases that have been settled via NON-DISCLOSURE (incognito)." Opp'n at 5–6.

Government officials are not liable under Section 1983 for their subordinates' unconstitutional conduct based on *respondeat superior* or another theory of vicarious liability, and plaintiff is required to plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 648, 691 (1978)). A supervisor may be individually liable under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)). To be held liable, a supervisor need not be physically present when the alleged constitutional injury occurs or be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* at 1205. Rather, the requisite causal connection is established when a

supervisor "set[s] in motion a series of acts by others," or "knowingly refus[es] to terminate a series of acts by others which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207–08. A supervisor may also be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Hansen*, 885 F.2d at 646 (internal quotation marks omitted).

The Court finds that Plaintiff has sufficiently alleged a First Amendment retaliation claim as to Defendant Paramo. Plaintiff states that Defendant Paramo, Defendant Zendejas' warden and supervisor, refused to remove Defendant Zendejas from her duty position in Plaintiff's housing section despite having received complaints from Plaintiff and others that Defendant Zendejas was harassing inmates who had complained about her by issuing fabricated RVRs. Plaintiff alleges a policy in the prison of allowing correctional officers to retaliate against inmates who had complained about the officers by harassing the inmates and fabricating RVRs. These allegations, taken as true, are sufficient to give Defendants fair notice of the allegedly unlawful policies and practices in place. *See Starr*, 652 F.3d at 1217 ("Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations") (quoting *Twombly*, 550 U.S. at 556) (emphasis added). Accordingly, the Court **DENIES** Defendants' Motion as to Plaintiff's First Amendment retaliation claim as to Defendant Paramo.

### D.    *Defendant Luna*

Plaintiff alleges that Defendant Luna failed to protect Plaintiff from retaliation by his subordinate, Defendant Zendejas, when Defendant luna "affirmed" the September 5, 2017 RVR and found Plaintiff guilty of the fabricated charge. FAC at 2–3. Defendants move to dismiss the First Amendment retaliation claim against Defendant Luna for failure to state a claim, arguing that a "counseling chrono is not 'adverse action' for the purpose of First Amendment retaliation because it is merely informational and has no disciplinary consequences." Mot. at 18. Plaintiff responds that, during the hearing for the September

5, 2017 RVR, Defendant Luna was the hearing officer and he (1) denied Plaintiff the opportunity to present a witness; and (2) in his final report, he "purposely never mention[ed] that [Plaintiff] requested to have a witness testify on his behalf, (see FAC Exh. A letter dated 9-5-17 line 14) which denied [Plaintiff] . . . his due process rights." Opp'n at 2. Defendants reply that Plaintiff did not assert a due process claim in the FAC, but it nonetheless fails "because the attachments to the First Amended Complaint show that he was afforded due process and the rules violation reports did not result in the loss of a liberty or property interest." Reply at 2.

The Court finds that Plaintiff fails to state a plausible claim of First Amendment retaliation by failing to allege facts showing that Defendant Luna, as a supervisor to Defendant Zendejas and hearing officer for the September 5, 2017 RVR, was (1) personally involved in the constitutional deprivation, or (2) there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr*, 652 F.3d at 1207. First, as to the issuance of the September 5, 2017 RVR, Plaintiff has not made a plausible allegation that the issuance of the September 5, 2017 RVR was a violation of his First Amendment rights. *See supra* Part II.B.1. Nor has Plaintiff alleged any facts that Defendant Luna was personally involved in the issuance of the September 5, 2017 RVR.

Second, as to the hearing for the September 5, 2017 RVR, Plaintiff has not alleged that Defendant Luna knew the RVR was false but that Defendant Luna still found Plaintiff "[g]uilty but reduced to Counselling Chrono based on a preponderance of evidence." FAC at 3, 18, 43. Instead, Plaintiff describes a disagreement with Defendant Luna's findings. Plaintiff's letter of complaint about Defendant Luna was dated October 11, 2017, which is after the date when the RVR was issued and after the hearing. *Id.* at 18. Thus, Plaintiff fails to allege that Defendant Luna ruled as he did during the hearing because of complaints about him by Plaintiff.

Plaintiff therefore fails to show a First Amendment retaliation claim for either the issuance of the September 5, 2017 RVR or the hearing outcome as to Defendant Luna.

Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's First Amendment retaliation claim as to Defendant Luna.

As for Plaintiff's due process arguments, *see* Opp'n at 2, the Court finds that the due process claim regarding the September 5, 2017 RVR hearing was not initially pled in the FAC because that witness issue was mentioned for the first time in Plaintiff's opposition to Defendants' motion to dismiss. Accordingly, it is not properly before the Court. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001) ("In ruling on a motion to dismiss, a district court generally may not consider any material beyond the pleadings.") (internal quotation marks omitted). Because the Court will allow Plaintiff to file an amended complaint, Plaintiff properly may add the due process claim at that time.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 15). Specifically, the Court **GRANTS** Defendants' Motion as to Plaintiff's Eighth Amendment claims against Defendants Paramo, Luna, Zendejas, and Crespo and as to Plaintiff's First Amendment claims against Defendants Crespo and Luna in their entirety and as to Defendant Zendejas as they relate to the September 5, 2017 RVR (claim 1) and the November 9, 2017 incident (claim 3). Defendants' Motion is otherwise **DENIED**.

Plaintiff's above-enumerated claims are **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. Plaintiff shall file an amended complaint, if any, <u>on or before February 28, 2019</u>. Plaintiff's amended complaint must cure the deficiencies noted herein and must be complete in itself without reference to the original complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

*See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

**IT IS SO ORDERED**.

Dated: January 31, 2019

Hon. Janis L. Sammartino
United States District Judge