UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br>CDCR #AE-9821,<br><br>          Plaintiff,<br><br>v.<br><br>D. PARAMO; J. LUNA; E. ZENDEJAS;<br>A. GARCIA; R. MARIENTES;<br>N. SCHARR, and P. COVELLO,<br><br>          Defendants. | Case No.: 18-cv-00361-JLS-LL<br><br>**ORDER:**<br><br>**(1) DIRECTING CLERK TO ISSUE SUMMONS AS TO PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 60]**<br><br>**(2) DIRECTING U.S. MARSHAL SERVICE UPON DEFENDANTS A. GARCIA, R. MARIENTES, N. SCHARR AND P. COVELLO PURSUANT TO 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3)** |

   Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* who has filed this civil rights action pursuant to 42 U.S.C. § 1983 related to incidents occurring during his incarceration at Richard J. Donovan Correctional Facility.

**I.  Procedural History**

   On January 31, 2019, the Court granted in part and denied in part Defendant Paramo, Luna, Zendejas, and Crespo's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and permitted Plaintiff to file a Second Amended Complaint ("SAC"), if any, by

1

February 28, 2019. ECF No. 30. Plaintiff then filed various other documents entitled "evidence," requests to take judicial notice, and miscellaneous motions [see e.g., ECF Nos. 33, 36, 38], but no SAC. Therefore, on March 12, 2019, Defendants Paramo and Zendejas filed an Answer to Plaintiff's FAC. ECF No. 42.

On March 21, 2019, however, the Court granted Plaintiff's late request for an extension of time and gave him until April 18, 2019 to file his SAC. ECF No. 47. He then filed several additional motions and notices, including a response to Defendant Paramo and Zendejas' Answer, and several notices of change of address, but still no SAC. See ECF Nos. 49, 51, 52, 54, 55, 57.

Finally, on April 30, 2019, Plaintiff submitted his SAC for filing—but the Clerk referred it to chambers with a discrepancy order noting its untimeliness. ECF No. 59. While Plaintiff's SAC was submitted more than two weeks late, the Court has exercised its discretion in light of Plaintiff's *pro se* status and his recent transfers between prisons and directed the Clerk of the Court to file the SAC submitted by Plaintiff *nunc pro tunc* to the date it was received. See ECF Nos. 59, 60.[1]

The Court notes Plaintiff's SAC names as Defendants: D. Paramo, J. Luna, and E. Zendejas, all of whom were previously named and served as parties.[2] See ECF Nos. 3 at 1-2; 60 at 1-3. It also adds four new Defendants: A. Garcia, R. Marientes,

///
///

---

[1] Plaintiff is hereby cautioned, however, that he must adhere to all Orders issued by the Court and meet all future filing deadlines in this case, or risk having his filings rejected. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although courts construe their pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants.").

[2] Plaintiff need not re-serve his SAC upon Defendants Paramo, Luna, or Zendejas via the U.S. Marshal since they have already filed waivers pursuant to Fed. R. Civ. P. 4(d) [see ECF Nos. 11-13] and are represented by counsel. He must, however, serve those Defendants' counsel by mail pursuant to Fed. R. Civ. P. 5(b)(1) and file proof of that service pursuant to S.D. Cal. CivLR 5.2. The Court notes that Plaintiff has fulfilled that requirement by including in his SAC a Proof of Service of the SAC to the Office of the Attorney General that was dated and signed under penalty of perjury. ECF No. 60 at 206.

N. Scharr, and P. Covello, but it omits previously named and served Defendant C. Crespo and re-alleges no claims against him.[3] See ECF Nos. 3 at 1-2; 60 at 1-3.

## II. Conclusion and Orders

Accordingly, the Court Orders the following:

1. The Clerk of Court shall **TERMINATE** Defendant C. Crespo as a party to this matter.

2. The Clerk of Court is further **DIRECTED** to issue a summons as to Plaintiff's Second Amended Complaint [ECF No. 60] upon Defendants A. Garcia, R. Marientes, N. Scharr, and P. Covello and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Second Amended Complaint, and a copy of the Court's May 3, 2018 Order Granting IFP and Directing U.S. Marshal Service [ECF No. 8], so that he may serve these newly added Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each newly named Defendant may be served, pursuant to Civil Local Rule 4.1.c.*, and return them to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. The U.S. Marshal is **ORDERED** to serve a copy of the Second Amended Complaint and summons upon Defendants A. Garcia, R. Marientes, N. Scharr, and P. Covello as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

///
///

---

[3] Claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled." Lacey v. Maricopa Cnty, 693 F.3d 896, 928 (9th Cir. 2012).

3

4. All Defendants, once served, are **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5. After service has been effected by the U.S. Marshal, Plaintiff is **ORDERED** to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or defense counsel, and the date of service. See CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

6. Plaintiff need take no additional action in this case until *after* he has served all Defendants named in his SAC and they have an opportunity to respond.

**IT IS SO ORDERED**.

Dated: May 9, 2019

Honorable Linda Lopez
United States Magistrate Judge