UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv361-JLS-LL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 87]** |

Currently before the Court is Plaintiff's third request for appointment of counsel.[1] On October 15, 2019, *nunc pro tunc*, Plaintiff submitted a motion for appointment of counsel that was accepted by the Court on discrepancy on October 23, 2019. ECF Nos. 86, 87. On October 31, 2019, *nunc pro tunc*, Plaintiff submitted additional evidence in support of his request for appointment of counsel that was accepted by the Court on discrepancy on November 6, 2019. ECF Nos. 90, 91. In support, Plaintiff claims that he cannot adequately litigate this case for the following reasons:

/ / /

/ / /

---

[1] On April 25, 2019, the Court denied without prejudice Plaintiff's requests for counsel filed on April 1, 2019 and April 19, 2019, *nunc pro tunc*. ECF No. 58 at 1-2.

1

(1) "he is now in no mental or emotional (stable) condition to further defend himself adequately" due to "persistent" incidents of harassment and retaliation that make him unable to sleep "due to fear of being attacked while [a]sleep" [ECF No. 87 at 1-4];

(2) defendants and other non-parties have retaliated against him and hindered his ability to litigate by (a) "illegally" placing him on "C" status for a total of 210 days, which means that he has no privileges, including, but not limited to, "no library (no writing supplies or law books to litigate adequately) and "no care package (cannot get typing ribbons or accessories)" [ECF No. 91 at 1-3], (b) during a hearing for a rule violation report, refusing to supply hearing-impaired Plaintiff with written notes and refusing Plaintiff's request for witnesses to testify [id. at 3], (c) improperly finding Plaintiff guilty of not presenting himself during count time [id. at 4], and (d) removing Plaintiff from his enrollment in Southwestern College for American sign language [id.]; and

(3) he requires "an attorney from the California bar association to help him litigate against a well established defendant(s) (CDCR) who has utilized all its considerable advantages against this indigent inmate" to hinder him from litigating adequately [id. at 6].

There is no constitutional right to the appointment of counsel in § 1983 cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) (citation omitted). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands "at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under § 1915(e)(1). Wilborn v. Escalderon, 789 F.2d at 1331.

First, the Court finds that Plaintiff is able to articulate his claims without legal assistance and in light of the complexity of the issues. The Court has reviewed all of the

documents filed by Plaintiff in this case including, *inter alia*, the instant motion, an amended complaint [ECF No. 3.], a motion for leave to proceed *in forma pauperis* [ECF No. 6], a response in opposition to Defendants' motion to dismiss for failure to state a claim [ECF No. 17], a motion for extension of time to file a second amended complaint [ECF No. 46], two motions to appoint counsel [ECF Nos. 54, 57], a second amended complaint [ECF No. 60], and documents in opposition to Defendants' motion to dismiss the second amended complaint [ECF Nos. 69, 83, 84]. From the Court's review of these documents, Plaintiff is able to sufficiently articulate the facts and circumstances relevant to his claims. The Court finds that his claims are straightforward and not legally complex.

Second, the Court finds that Plaintiff's likelihood of success on the merits is not yet clear. Following the District Judge's order granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint, two of Plaintiff's First Amendment claims against two defendants survived. See ECF No. 85. However, this does not yet demonstrate a likelihood of success on the merits such that his case should be classified as an exceptional circumstance. See Garcia v. Smith, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion to appoint counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

Viewing both factors together, the Court finds there are no exceptional circumstances that warrant the appointment of counsel in this case at this time. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); Garcia v. Smith, 2012 WL 2499003, at *3. Although Plaintiff does not feel capable of litigating adequately and has suffered a temporary loss of certain privileges, these do not rise to the level of exceptional circumstances. Cf. Sandin v. Conner, 515 U.S. 472, 485 (1995) (finding that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights" including disciplinary action by prison officials

for a wide range of misconduct (internal quotation marks and citation omitted)). Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: November 8, 2019

Honorable Linda Lopez
United States Magistrate Judge