1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                              Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>                             Defendants. | Case No.: 18-CV-361 JLS (LL)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO REPLACE MAGISTRATE (AND CLERK)**<br><br>(ECF No. 106) |

Presently before the Court is Plaintiff Mychal Andra Reed's Request to Replace Magistrate (and Clerk) ("Mot.," ECF No. 106). Plaintiff declines to "divulge his specific reasoning for said request," although offers to "do so at this Court[']s behest." *Id.* at 1. He adds that his "only endeavor is to receive justice against defendants . . . and to be dealt with by an 'impartial' jurist who will . . . treat[ him] 'fairly] in the process, minus bias/ prejudice." *Id.* at 2.

Although Plaintiff does not specify whether he brings his Motion under 28 U.S.C. § 144 or 28 U.S.C. § 455(a), his Motion fails under either standard because he fails to present any "*facts*" from which a "reasonable person" could "conclude that the judge's impartiality might reasonably be questioned," *see Yagman v. Republic Ins.* ("*Yagman II*"), 987 F.2d 622, 626 (9th Cir. 1993) (emphasis added) (quoting *In re Yagman* ("*Yagman*

*I*"), 796 F.2d 1165, 1179 (9th Cir.), *amended*, 803 F.2d 1085 (9th Cir. 1986), *mandamus granted by Brown v. Baden*, 815 F.2d 575 (9th Cir.), *cert. denied*, *Real v. Yagman*, 484 U.S. 963 (1987)) (citing *United States v. Conforte*, 624 F.2d 869, 880–81 (9th Cir.), *cert. denied*, 449 U.S. 1012 (1980)) and recusal is not warranted under either statute based on speculation. *See, e.g.*, *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005) (citing *Yagman II*, 987 F.2d at 626). The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. Plaintiff **MAY RENEW** his Motion only if he can identify specific facts that would cause a reasonable person to question Magistrate Judge Lopez's impartiality.[1]

**IT IS SO ORDERED**.

Dated: February 27, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[1] A review of the docket indicates that Magistrate Judge Lopez has rejected several submissions by Plaintiff as not appropriate for judicial notice, *see* ECF Nos. 40, 43, 79, 80, 81, and has denied Plaintiff's requests for appointment of counsel, *see* ECF Nos. 58, 94, 103; however, "[u]nfavorable rulings alone are legally insufficient to require recusal . . . , even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *In re Int'l Business Machines Corp.*, 618 F.2d 923, 929–30 (2d Cir. 1980); *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969)).