UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>        Defendants. | Case No.:  18cv361-JLS-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 136]** |

  Currently before the Court is Plaintiff's Re-request of His Motion for Indefinite Postponement of Deposition [ECF No. 136] and Plaintiff's Supporting Evidence for his Re-request to Postpone his Deposition Indefinitely [ECF No. 140]. The Court construes the two documents together as Plaintiff's motion for reconsideration of the Court's April 23, 2020 Order (1) Denying Plaintiff's Motion for Indefinite Postponement of Deposition and (2) Resetting Deposition Date and Fact Discovery Cut-off [ECF No. 116].

  Plaintiff argues that his deposition should be indefinitely postponed because "contrary to defendants [sic] statements (ECF No. 123)," Plaintiff requested his legal property while he was in segregation housing on three separate occasions to no avail. ECF No. 136 at 1, 7, 9, 11. Plaintiff argues that his ignored requests and assignment to segregation housing are acts of retaliation and designed to hinder him from adequately litigating against Defendants. Id. at 2–3. Plaintiff claims that when he receives his legal

documents, he "needs ample time to review them after not having access to them for almost 5 (five) months." Id. at 2. In his "supporting evidence," Plaintiff states that he was released from segregation housing on April 30, 2020 and "made to sign a property inventory document (CDCR 1083) without first given an opportunity to actually view his property items to see if in fact all his property was accounted for." ECF No. 140 at 1–2, 6. Plaintiff further states that upon review, several of his items are missing, including all his legal documents pertaining to this case. Id. at 2, 4, 5. Plaintiff requested the return of his property on April 30 and May 1, 2020 before mailing this motion on May 2 or 3, 2020. Id. at 4, 5, 7, 8. Plaintiff contends that he cannot adequately present the facts of his case in a deposition without his legal documents. Id at 2. He requests a copy of the docket sheet to attempt to request copies of his filings "so he can have deposition in the near future." Id.

A district court may reconsider an order under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).[1] See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration [pursuant to Rule 59(e)] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. A motion for reconsideration under Rule 60(b) will be granted "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Fed. R. Civ. P. 60(b); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citation omitted). Under this district's Local Rules, a party that files a motion for reconsideration of an order must set forth what new or different facts and circumstances are claimed to exist, which did not exist, or were not shown, in the prior motion. CivLR 7.1.i. Reconsideration is an

---

[1] The use of the term "Rule" in this order refers to the Federal Rules of Civil Procedure, unless otherwise stated.

"extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

The Court finds that Plaintiff has presented some new evidence that was not available at the time of the original motion.[2] Specifically, Plaintiff has been released from segregation housing and his property returned, but the legal documents are missing despite being requested. Plaintiff seeks an indefinite postponement of his deposition, which is currently set for May 27, 2020. The Court had set the deposition date based on the assurance by Defendants that Plaintiff would be granted access to his legal materials prior to the deposition if he requested them. ECF No. 134 at 2, 4. Therefore, the Court finds it appropriate to reconsider its order based on the newly discovered evidence. See Fed. R. Civ. P. 59(e).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The Court finds good cause to continue Plaintiff's deposition for a brief period so that Plaintiff may obtain his legal documents prior to his deposition. The Court notes that Plaintiff requested his legal documents the day he was released from segregation housing

---

[2] On the other hand, some of Plaintiff's "new" evidence was known to Plaintiff at the time of the original motion for indefinite postponement of his deposition but was not communicated to the Court in Plaintiff's motion or reply. Contrary to Plaintiff's contention, Defendants did not dispute that Plaintiff had requested his legal documents three times to no avail because Plaintiff did not disclose that he had done so. See ECF No. 123 at 2; see also ECF Nos. 116, 130. Instead, Plaintiff stated only that his legal documents had been confiscated when he entered segregation housing and there was no set date for his release or the return of his property. ECF No. 116 at 1. Plaintiff's arguments regarding retaliation designed to prevent him from adequately litigating were presented in his original motion and are not new. See ECF Nos. 116 at 1; 130 at 1–2.

and the following day, and then he immediately filed the instant motion. It is possible that he has since received them. In the event he has not, the Court will continue the deposition for a brief period and provide a copy of the docket sheet. Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion for reconsideration and orders the following:

1. Plaintiff's deposition will be continued from May 27, 2020 to <u>a date no earlier than June 15, 2020 and no later than June 19, 2020</u>.

2. Fact discovery cut-off will be continued from June 4, 2020 to **June 19, 2020**.

3. All other deadlines and requirements remain as previously set. <u>See</u> ECF Nos. 98, 108.

4. The Office of the Clerk is **DIRECTED** to provide a copy of the docket sheet to Plaintiff.

**IT IS SO ORDERED**.

Dated: May 19, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge