UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MYCHAL ANDRA REED,

Plaintiff,

v.

DANIEL PARAMO, et al.,

Defendants.

Case No.:  18cv361-JLS-LL

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

**[ECF No. 138]**

Currently before the Court is Plaintiff's motion for appointment of counsel. ECF No. 138. This is Plaintiff's third request for appointment of counsel. See ECF Nos. 54, 57, 58, 87, 94, 97, 103. Plaintiff claims that he needs the assistance of counsel because his "situation is dire and has become very complicated due to prison officials [sic] extensive 'retaliation' toward him on behalf of defendants" and that he "needs to amend his complaint to add additional crucial defendants to adequately litigate his civil rights violation lawsuit." ECF No. 138 at 1–2. Plaintiff also claims that he lacks legal knowledge and experience and is an indigent inmate in the custody of Defendants. Id. at 3.

There is no constitutional right to the appointment of counsel in § 1983 cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) (citation omitted). However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of

Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands "at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under § 1915(e)(1). Wilborn v. Escalderon, 789 F.2d at 1331.

The Court first finds that the likelihood of Plaintiff's success on the merits is not yet clear. Some of Plaintiff's causes of actions against two Defendants survived a motion to dismiss, but it is too early in the litigation to show a likelihood of success on the merits. See ECF No. 85. Fact discovery has not yet been completed. See ECF Nos. 141 at 4; 98.

Next, the Court finds that Plaintiff is able to articulate his claims in light of the complexity of the legal issues involved. Plaintiff has filed, *inter alia,* a first amended complaint [ECF No. 3], a motion for leave to proceed *in forma pauperis* [ECF No. 6], a response in opposition to Defendants' motion to dismiss for failure to state a claim [ECF No. 17], a motion for extension of time to file a second amended complaint [ECF No. 46], three motions to appoint counsel [ECF Nos. 54, 57, 87, 138], a second amended complaint [ECF No. 60], documents in opposition to Defendants' motion to dismiss the second amended complaint [ECF Nos. 69, 83, 84], a motion for reconsideration of the Court's denial to appoint counsel [ECF No. 97], a motion for extension of time to file an amended complaint [ECF No. 104], a motion for indefinite postponement of deposition [ECF No. 116], three requests for copies [ECF Nos. 19, 122, 140 at 2], and a motion for reconsideration of the Court's denial to indefinitely postpone Plaintiff's deposition [ECF Nos. 136, 140]. Based on the Court's review of these and other documents on the record, Plaintiff has demonstrated the ability to sufficiently articulate the facts and circumstances relevant to his claims despite his lack of legal knowledge. Lanham v. Kirkegard, No. CV 15-9-H-DLC-JTJ, 2015 WL 1345534, at *7–8 (D. Mont. Mar. 23, 2015) ("So long as a pro se litigant is able to 'articulate his claims against the relative

complexity of the matter,' the 'exceptional circumstances' that might require the appointment of counsel do not exist." (citing <u>Wilborn v. Escalderon</u>, 789 F.2d at 1331)). The Court finds that Plaintiff's First Amendment retaliation claims are straightforward and not legally complex. <u>See</u> ECF Nos. 60, 85.

Finally, the Court finds that Plaintiff's other arguments do not present an exceptional circumstance to warrant the appointment of counsel. Plaintiff could have filed a motion to join other parties or amend the complaint, but he did not. Plaintiff has previously successfully amended his complaint [ECF Nos. 3, 60], and the Court twice extended the deadline to file a motion to join other parties, to amend the pleadings, or to file additional pleadings [ECF Nos. 103, 108]. Plaintiff has previously requested copies of docket sheets and documents when needed. Furthermore, while Plaintiff was in an administrative segregation unit ("ASU"), he was able to and did file numerous motions and other documents. <u>See e.g.</u>, ECF Nos. 106, 111 113, 116, 119, 122, 128, 130, 132. Plaintiff cites retaliation as another reason for his need of counsel, but the question of retaliation lies at the heart of Plaintiff's substantive claims. Plaintiff alleges in the instant motion and in previous motions that he was placed in ASU due to retaliation, but the Court finds no indication that Defendants were involved with the events leading to Plaintiff's placement in ASU. <u>See</u> ECF No. 134 at 2–3; 123-1 at 10–15.

The Court finds there are no exceptional circumstances that warrant the appointment of counsel at this time because Petitioner has shown that he is able to adequately articulate his claims, the issues raised do not appear to be complex, and it is too early to determine likelihood of success on the merits. <u>See LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); <u>Lanham v. Kirkegard</u>, 2015 WL 1345534, at *7–8 (denying motion for appointment of counsel to plaintiff who adequately articulated his claims although he is housed in administrative segregation, has no ability to investigate the facts of the case, has limited access to the law library and legal

materials, has no knowledge of the law, and is a mental health patient); <u>Garcia v. Smith</u>, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion to appoint counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment); <u>Puckett v. N. Kern State Prison Employees</u>, No. 08-1243BTMPOR, 2009 WL 3169972, at *2 (E.D. Cal. Sept. 29, 2009) (denying motion for appointment of counsel to plaintiff who adequately articulated his claim although prison officials refused to deliver his incoming legal mail in a reasonable time, found excuses to keep him in segregation, and limited his access to supplies and law books). Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

     **IT IS SO ORDERED**.

Dated:  May 28, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge

18cv361-JLS-LL