UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                                    Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                                    Defendants. | Case No.: 18-cv-00361-JLS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS [DKT. NO. 218]; AND RESETTING MANDATORY SETTLEMENT CONFERENCE** |

Before the Court is Plaintiff's Request for Sanctions against Defendants. Dkt. No. 218. Plaintiff contends that the Court should sanction Defendants because: (1) they failed to arrange accommodations for two scheduled settlement conferences; (2) Defendants' failure inconvenienced the Court; (3) if Plaintiff caused similar delays, he believes the Court would sanction Plaintiff; and (4) Plaintiff had to forego two days of library time for the scheduled settlement conferences. *Id.* at 1–4. For the reasons discussed below, the Court DENIES Plaintiff's Request for Sanctions and RESETS the Mandatory Settlement Conference ("MSC") for **March 16, 2021** at **9:00 a.m.**

A court has the inherent power to sanction a party or its attorney for "abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). "In the Ninth Circuit, sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v.*

*Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (quotation marks omitted) (affirming district court's imposition of sanctions pursuant to Fed. R. Civ. P. 37 where party "continued to violate court orders despite multiple warnings" and prejudiced the opposing side).

The Court will not assert its inherent authority to sanction Defendants and finds no extreme circumstances warranting sanctions. There is no evidence Defendants acted willfully or in bad faith to delay the MSC. To the contrary, the failure of the accommodations prejudiced both parties equally. Defendants have now arranged different accommodations for Plaintiff to participate in a future settlement conference. Dkt. No. 219.

Accordingly, the Court orders as follows:

1. Plaintiff's Request for Sanctions against Defendants (Dkt. No. 218) is **DENIED**;

2. The MSC is RESET for **March 16, 2021** at **9:00 a.m.**; and

3. Defendants must file a status report on or before **March 9, 2021** updating the Court on the viability of their proposed accommodations. *See* Dkt. No. 219 at 2.

**IT IS SO ORDERED**.

Dated: February 22, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge