UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                      Plaintiff,<br>vs.<br>DANIEL PARAMO, et al.,<br><br>                      Defendants. | Case No.:  18-CV-361 JLS (LL)<br><br>**ORDER DENYING MOTIONS (1) FOR RECONSIDERATION, (2) TO COMPEL LEGAL SUPPLIES, AND (3) TO REPLACE MAGISTRATE JUDGE**<br><br>(ECF Nos. 200, 206, 208) |

Presently before the Court are three filings from Plaintiff Mychal Andra Reed: (1) Plaintiff's Responses to Defendants' Declarations of R. Blahnik and D. Nowroozian ("Response"), supported by a Declaration from Plaintiff ("Decl.") as well as Plaintiff's Request for Judge Sammartino to Order Defendants to Supply Him with Legal Supplies ("Supplies Req.") (ECF No. 200); (2) Plaintiff's Change of Venue Request ("Venue Req.," ECF No. 206); and (3) Plaintiff's Complaint of Prejudice by Magistrate in Denying his Motion for Reconsideration ("Compl.," ECF No. 208). The Court construes Plaintiff's filings as motions: (1) for reconsideration of Magistrate Judge Daniel E. Butcher's Order Denying Plaintiff's Motion for Law Library Access as Moot (ECF No. 185) and subsequent order denying reconsideration of the same (ECF No. 195); (2) to compel Defendants to provide him with legal supplies; and (3) to replace Magistrate Judge Butcher. Having

considered Plaintiff's arguments, the Court **DENIES** Plaintiff's motions, for the reasons provided below.

## MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

/ / /

Essentially, construing Plaintiff's filings liberally, Plaintiff claims that the Magistrate Judge clearly erred in accepting Defendants' "false" statements concerning Plaintiff's access to the law library and the library services available to inmates, which Plaintiff claims were supported by "no evidence." ECF No. 200 at 10. In particular, Plaintiff disputes the factual accuracy of Defendants' statements concerning the number of times he accessed the law library over a three-month period. *See id.* at 2. However, the Court finds no clear error in the Magistrate Judge's orders denying Plaintiff's motions for law library access.

Defendants submitted two declarations, one from R. Blahnik, a librarian in the law library of the Richard J. Donovan Correctional Facility ("RJDCF"), where Plaintiff is housed, *see* ECF No. 194 ("Blahnik Decl."); and one from D. Nowroozian, a librarian in RJDCF's central library, *see* ECF No. 194-1 ("Nowroozian Decl."). Both assert under penalty of perjury that records show that Plaintiff visited the law library eight times, for two hours each, from October 9 through November 19, 2020. *See* Blahnik Decl. ¶ 2; Nowroozian Decl. ¶ 2. "Filing a declaration under penalty of perjury is a means of providing evidence." *Lajevardi v. U.S. Dep't of Homeland Sec.*, No. SACV141249AGANX, 2015 WL 10990359, at *3 (C.D. Cal. Oct. 16, 2015). Accordingly, the Magistrate Judge did not err in accepting as true and credible the sworn statements of two librarians with personal knowledge of Plaintiff's law library access and denying Plaintiff's request on that basis.

Accordingly, the Court **DENIES** Plaintiff's request for reconsideration of Magistrate Judge Butcher's orders concerning law library access. However, the Court will repeat Magistrate Judge Butcher's request "that Defendants provide Plaintiff with physical law library access to the maximum extent that is permitted under RJDCF's policies and procedures and consistent with its administrative operations." ECF No. 185 at 2.

**MOTION TO COMPEL DEFENDANTS TO PROVIDE LEGAL SUPPLIES**

Plaintiff also submits a request for this Court to order Defendants to supply him with legal supplies. *See* Supplies Req. It is not entirely clear from Plaintiff's filings what legal

supplies he seeks from Defendants; however, he mentions that they "refuse to supply him with legal paper." Supplies Req. at 5.

Yet, a review of the docket does not suggest Plaintiff is lacking in legal supplies. Indeed, Plaintiff filed an opposition to Defendants' motion for summary judgment on November 23, 2020, *see* ECF No. 190; additional exhibits on January 4, 2021, *see* ECF No. 202; an additional opposition on January 5, 2021, *see* ECF No. 204; a request for adequate communication during the settlement conference, *see* ECF No. 214; and a request to sanction Defendants, *see* ECF No. 218. It thus appears Plaintiff has had sufficient access to legal paper and mailing services.

Further, the Court notes that R. Blahnik declares that the Facility A library annex, which was only recently established, "is now [*i.e.*, as of December 7, 2020] fully stocked with supplies and resources," Blahnik Decl. ¶ 4, and that the staff will provide inmates "with paper and golf pencils upon request," *id*. The annex also has computer terminals with access to LexisNexis, legal forms, and other secondary sources, *id.*, and inmates can request copies of legal cases from the central library, *id*. R. Blahnik also declares that "[he] ha[s] not denied inmate Reed any library access or materials that he is entitled too [sic], and [he] ha[s] not seen any evidence that any other library staff member has done so." *Id.* ¶ 7. Nowroozian declares the same. *See* Nowroozian Decl. ¶ 7. It seems RJDCF is taking reasonable measures, during these unprecedented times, to provide inmates with the legal access and supplies they need.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request that the Court compel Defendants to provide him with legal supplies. However, the Court will again request that Defendants provide Plaintiff with necessary legal supplies to the maximum extent permitted under RJDCF's policies and procedures and consistent with its administrative operations.

## MOTION TO REPLACE MAGISTRATE JUDGE

Finally, construing Plaintiff's filings liberally, the Court construes Plaintiff's Venue Request and Complaint as a motion to have the magistrate judge assigned to his case

replaced. Although the Court is troubled that Plaintiff feels that Magistrate Judge Butcher is prejudiced against him, the Court reminds Plaintiff that he raised similar claims when Magistrate Judge Lopez was assigned to his case. *See* ECF Nos. 106, 113. In denying Plaintiff's first motion seeking to have Magistrate Judge Lopez replaced, this Court noted that Plaintiff "failed to present any '*facts*' from which a 'reasonable person' could 'conclude that the judge's impartiality might reasonably be questioned,' and recusal is not warranted under either [28 U.S.C. § 144 or 28 U.S.C. § 455(a)] based on speculation." ECF No. 107 at 1–2 (citations omitted) (emphasis in original). The Court further explained that "'[u]nfavorable rulings alone are legally insufficient to require recusal . . . , even when the number of such unfavorable rulings is extraordinarily high on a statistical basis.'" *Id.* at 2 n.1 (citing *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)).

Thus, while Magistrate Judge Butcher decided Plaintiff's motion for law library access, and the subsequent motion for reconsideration of the same, against Plaintiff, the Court does not believe that such adverse rulings alone raise legitimate questions about Magistrate Judge Butcher's impartiality, particularly given that the Court, for the reasons explained *supra*, finds those rulings sound. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to replace Magistrate Judge Butcher.

## CONCLUSION

For the reasons provided above, the Court **DENIES** Plaintiff's motion for reconsideration of his request for law library access, **DENIES** Plaintiff's motion to compel Defendants to provide legal supplies, and **DENIES** Plaintiff's request to replace Magistrate Judge Butcher (ECF Nos. 200, 206, 208).

**IT IS SO ORDERED**.

Dated: March 8, 2021

Hon. Janis L. Sammartino
United States District Judge