UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>        Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>        Defendants. | Case No.: 18-CV-361 JLS (LL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION AND (2) DENYING REQUESTS FOR A CHANGE OF VENUE AND LAW LIBRARY ACCESS**<br><br>(ECF No. 229) |

Presently before the Court is Plaintiff Mychal Andra Reed's Reply to Reconsideration Motion Denial ("Mot.," ECF No. 229), which the Court construes as a motion for reconsideration of its March 8, 2021 Order (the "Order," ECF No. 222). Having considered carefully Plaintiff's arguments and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion but **DENIES** Plaintiff's requests for a change of venue and law library access.

## BACKGROUND

Plaintiff, a pro se inmate proceeding *in forma pauperis*, initiated this action alleging civil rights violations under 42 U.S.C. § 1983 on February 9, 2018. *See* ECF No. 1. Defendants' fully briefed motion for summary judgment currently is pending before

Magistrate Judge Daniel E. Butcher. *See* ECF No. 181. Plaintiff has filed numerous motions concerning his access to the prison's law library, as well as other issues. On March 8, 2021, the Court issued the Order, which denied three such motions, which the Court construed as motions (1) for reconsideration of Magistrate Judge Butcher's orders denying law library access, (2) to compel Defendants to provide Plaintiff with legal supplies, and (3) to replace Magistrate Judge Butcher. *See generally* Order. On March 26, 2021, Plaintiff filed the instant Motion seeking reconsideration of the Order. *See* ECF No. 229.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*,

1  331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).  A party may
2  not raise new arguments or present new evidence if it could have reasonably raised them
3  earlier.  *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d
4  656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff's Motion "respectfully disagrees" with the Order. Mot. at 1.  First, Plaintiff claims his motion for reconsideration should have been granted because Defendants' declarations are "hearsay" and not evidence that Plaintiff ever visited the law library.  *Id.* at 2.  He further claims that on "the exact day this Court made its ruling to deny Plaintiff's motions, Plaintiff's March 8, 2021 scheduled law library visit was cancelled, with no reason given, and he has not had law library access since, although his PLU status expires on March 18, 2021."  *Id.* at 2–3 (emphasis in original).  Second, Plaintiff indicates that he "never ask [sic] this Court to replace Magistrate Judge Butcher, nor can his language be misconstrued as such.  Plaintiff ask [sic] for (specifically), a *change of venue,* due to this Court's persistent 'prejudice' by its officials."  *Id.* at 3 (emphasis in original).  Plaintiff claims that "litigating in this Court has been a legal 'nightmare'" and that "Plaintiff is very astute to this Courts [sic] bias and is at wits end [sic] as to why the situation is so."  *Id.* Plaintiff accordingly "again request [sic] law library access and/or change of venue for 'fairness.'"  *Id.* at 5.

First, the Court has already addressed, and denied, Plaintiff's argument that Defendants' declarations do not constitute "evidence." *See* Order at 3.  "A [moving party] fails to meet his burden to establish a manifest error of law by merely repeating the same arguments already raised."  *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1154–55 (D. Haw. 2013) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Am. Eurocopter Corp.*, Civ. No. 09–00136 DAE–LEK, 2009 WL 3424969, at *2 (D. Haw. Oct. 26, 2009); *San Luis & Delta–Mendota Water Auth. v. U.S. Dep't Interior*, 624 F. Supp. 2d 1197 (E.D. Cal. 2009)).  Accordingly, the Court **DENIES** the Motion to the extent it argues for reconsideration on this basis.

Second, as to Plaintiff's claim that he has not been permitted law library access since March 8, 2021, while Rule 59(e) contemplates reconsideration of a prior order in light of "newly discovered evidence," Plaintiff's "new evidence" is rather "new facts altogether, not new evidence of facts existing *at the time of* [*the order in question*]." *Alicea v. Machete Music*, 744 F.3d 773, 782 (1st Cir. 2014) (emphasis in original). The Court declines to reconsider its Order in light of evidence post-dating the Order. Should Plaintiff wish to bring a new motion requesting law library access premised on these new facts, he should file a new motion before Magistrate Judge Butcher. Accordingly, the Court **DENIES** the Motion to the extent it seeks reconsideration based on new facts not in existence at the time of the Order. Because the Court finds that reconsideration of the Order's ruling as to law library access is not warranted, the Court **DENIES** Plaintiff's request that the Court order Defendants to provide him with law library access.

Finally, the Court addresses Plaintiff's argument that the Court misconstrued his request to change venue as a motion to replace Magistrate Judge Butcher. Given that the Court appears to have misapprehended the relief requested by Plaintiff, the Court concludes it clearly erred and **GRANTS** Plaintiff's motion to reconsider his request to transfer venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision whether to grant a motion to transfer is a discretionary one, and the court may consider various factors, such as the parties' and the claim's contacts with the proposed forum and the plaintiff's choice of forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). However, "[t]o support a motion to transfer under § 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court." *Waters v. Experian Info. Sols., Inc.*, No. 12CV308 AJB RBB, 2012 WL 1965333, at *2 (S.D. Cal. May 31, 2012) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344

(1960); *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974)).

      Plaintiff has not identified any alternative forum where the instant action could have been brought and to which he seeks a transfer of this action; accordingly, the Court cannot assess whether transfer to another court is permissible, much less appropriate. Even overlooking this fatal defect in Plaintiff's request, bare assertions of bias are insufficient to establish that transfer is proper in the interests of justice. *See Hernandez v. Parry*, No. CV 11-1945-PCT-JAT, 2013 WL 1092878, at *3 (D. Ariz. Mar. 15, 2013). Finally, "a motion for summary judgment which could be dispositive as to all of plaintiff's claims is pending. Under these circumstances, a change in venue would not serve the interests of justice and the motion will be denied." *Ferguson v. Hall*, No. 2:06-CV-1301 MCE CKD, 2012 WL 5355760, at *1 (E.D. Cal. Oct. 30, 2012). Accordingly, the Court **DENIES** Plaintiff's request for a change of venue.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion (ECF No. 229) but **DENIES** Plaintiff's requests for a change of venue and for law library access.

      **IT IS SO ORDERED**.

Dated: April 6, 2021

Hon. Janis L. Sammartino
United States District Judge