UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>        Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>        Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF Nos. 230, 232) |

Presently before the Court is Plaintiff Mychal Andra Reed's Reply to This Court's April 6, 2021 Order ("Mot.," ECF No. 232), which the Court construes as a motion for reconsideration of its April 6, 2021 Order (the "Order," ECF No. 230). Having considered carefully Plaintiff's arguments and the applicable law, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff, a pro se inmate proceeding *in forma pauperis*, initiated this action alleging civil rights violations under 42 U.S.C. § 1983 on February 9, 2018. *See* ECF No. 1. Defendants' fully briefed motion for summary judgment currently is pending before Magistrate Judge Daniel E. Butcher. *See* ECF No. 181.

/ / /

Plaintiff has filed numerous motions concerning his access to the prison's law library, as well as other issues. On March 8, 2021, the Court issued an order denying three such motions, which the Court construed as motions (1) for reconsideration of Magistrate Judge Butcher's orders denying law library access, (2) to compel Defendants to provide Plaintiff with legal supplies, and (3) to replace Magistrate Judge Butcher. *See generally* ECF No. 222. On March 26, 2021, Plaintiff filed a motion seeking reconsideration of the March 8, 2021 Order. *See* ECF No. 229. On April 6, 2021, the Court granted in part and denied in part the motion. *See* Order. Plaintiff subsequently filed the present Motion, which seeks reconsideration of the Order. *See* ECF No. 232.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229

F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff's Motion "respectfully disagrees" with the April 6, 2021 Order. Mot. at 1. Specifically, Plaintiff again takes issue with the Court's reliance on declarations submitted by Defendants to establish that Plaintiff had access to the law library, arguing that the Court should have "request[ed] evidence from defendant to validate/verify (prove) said declarations were not perjury, via logbooks." *Id.* at 2. Plaintiff claims that Defendants presented "false documents" and therefore violated California Penal Code section 134. *Id.* at 3. Accordingly, Plaintiff asks the Court to (1) amend its Order denying Plaintiff's motion to compel Defendants to provide Plaintiff with law library access and (2) request logbooks from Defendants. *Id.* at 3.

The Court finds no basis to reconsider its decision in light of Plaintiff's arguments. Even at the summary judgment stage, a party opposing a motion may present evidence by declaration if it is made on personal knowledge and sets out facts that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). The form of the evidence itself need not be admissible at trial; rather, so long as the content of the evidence could be presented in admissible form at trial, the evidence is permissible. *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). Here, Defendants' declarants averred to the contents of prison records under penalty of perjury based on their personal review of those records. Defendants need not submit the records themselves at this time, but such records likely would be admissible at trial; therefore, sworn declarations concerning that evidence are satisfactory at this stage in the litigation. Accordingly, the Court **DENIES** the Motion to the extent it argues for reconsideration based on Defendants' failure to provide, or this

Court's failure to request, logbooks or other direct evidence of Plaintiff's law library access.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 232). This Court will entertain no further motions for reconsideration on this issue. Should Plaintiff continue to feel he is being denied access to the law library by Defendants, he may file a new motion seeking to compel access with Magistrate Judge Daniel E. Butcher.

**IT IS SO ORDERED**.

Dated: April 28, 2021

Hon. Janis L. Sammartino
United States District Judge