UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                             Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                            Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, (2) GRANTING DEFENDANT PARAMO'S MOTION IN ITS ENTIRETY; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANT ZENDEJAS'S MOTION**<br><br>(ECF No. 234) |

       Presently before the Court is Defendants D. Paramo ("Defendant Paramo") and E. Zendejas's ("Defendant Zendejas") (collectively, "Defendants") Motion for Summary Judgment ("Mot.," ECF No. 181), as well as Plaintiff Mychal Andra Reed's ("Plaintiff") opposition thereto ("Opp'n," ECF No. 190), Plaintiff's "Additional Opposition Response[s]" (ECF Nos. 202, 204), and Defendant's reply in support of the Motion ("Reply," ECF No. 209). Magistrate Judge Daniel E. Butcher has issued a Report and Recommendation advising the Court to grant Defendant Paramo's Motion in its

entirety and to grant in part and deny in part Defendant Zendejas's Motion ("R&R," ECF No. 234). No Party filed objections to the R&R.

## BACKGROUND

Judge Butcher's R&R contains an accurate and thorough recitation of the relevant background and evidence. *See* R&R at 2–7. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the R&R. *See* R&R at 20 (providing that any party may file objections on or before July 9, 2021). The Court therefore reviews the R&R for clear error.

Defendants seek summary judgment on all remaining claims pending in this matter (*i.e.*, First Amendment retaliation claims). *See id.* at 8. The R&R initially concludes that Plaintiff's claims for legal mail interception, e-filing interference, and prison lockdown are not viable because Plaintiff fails to identify the specific Defendants who allegedly committed these actions. *Id.* at 10.

To the extent Plaintiff seeks to bring the aforementioned claims against Defendant Paramo, the R&R finds that Defendant Paramo's declaration specifically denying these

18-CV-361 JLS (DEB)

charges makes a prima facie showing of entitlement to summary judgment and shifts the burden to Plaintiff; Plaintiff, however, fails to provide any evidence to raise a genuine issue of material fact as to these issues. *Id.* at 10–11. As to Plaintiff's claims against Defendant Paramo for failure to investigate and prevent constitutional violations, the R&R concludes that the undisputed evidence establishes that Defendant Paramo had no knowledge that any of his subordinates were violating Plaintiff's constitutional rights. *Id.* at 11–13. The R&R further finds that Defendant Paramo is entitled to qualified immunity because the undisputed facts establish that he did not violate any clearly established constitutional rights of Plaintiff. *Id.* at 18–19. Accordingly, the R&R recommends granting Defendant Paramo's Motion in its entirety. *Id.* at 20.

As to Plaintiff's claims against Defendant Zendejas, the R&R finds that Plaintiff's claim that Defendant Zendejas retaliated against him by coercing another correctional officer to ransack Plaintiff's cell fails because the operative amended pleading fails to cure the inadequacies of pleading that previously resulted in dismissal of the claim and Plaintiff fails to rebut Defendant Zendejas's declaration that she had no involvement in the incident. *Id.* at 13–14. Regarding Plaintiff's claim that Defendant Zendejas pointed a rifle at him in retaliation for complaints Plaintiff wrote to Defendant Zendejas's superiors about her and because an earlier Rules Violation Report ("RVR") she issued was reduced to a "counseling chrono," the R&R concludes that Defendant Zendejas's declaration that she never pointed a Ruger Mini 14 semiautomatic rifle at Plaintiff is overly specific and leaves open the possibility that she pointed some other type of rifle at Plaintiff; meanwhile, Plaintiff's sworn affidavit that Defendant Zendejas did point a rifle at him is sufficient to place the issue in dispute. *Id.* at 14–16. Further, the R&R finds that Defendant Zendejas fails to offer any evidence to establish the absence of a material fact regarding Plaintiff's allegation that she pointed a rifle at him in retaliation for his protected conduct. *Id.* at 16–17. Finally, the R&R concludes that Plaintiff fails to present any evidence rebutting Defendant Zendejas's declaration explaining the circumstances concerning the January 15, 2018 RVR she issued and the legitimate penological objective underlying the same. *Id.* at

17–18. Because the undisputed facts establish that Defendant Zendejas did not violate any clearly established constitutional right with regard to Plaintiff's cell search and RVR retaliation claims, the R&R concludes that Defendant Zendejas is entitled to qualified immunity for those claims. *Id.* at 18–19. However, the R&R finds that Defendant Zendejas is not entitled to qualified immunity for the claim that she pointed a rifle at Plaintiff, as clearly established law holds that a law enforcement officer pointing a gun at an individual without justification violates the Constitution. *Id.* at 19. Accordingly, the R&R recommends granting Defendant Zendejas's Motion as to two of the three claims against her and denying her Motion as to the third claim. *Id.* at 20.

The Court finds no clear error in the R&R. Accordingly, the Court **ADOPTS** the R&R; **GRANTS** Defendant Paramo's Motion in its entirety; **GRANTS** Defendant Zendejas's Motion as to Plaintiff's November 9, 2017 cell search and January 15, 2018 RVR claims; and **DENIES** Defendant Zendejas's Motion as to Plaintiff's claim that Defendant Zendejas pointed a gun at him on November 9, 2017.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Judge Butcher's R&R (ECF No. 234), **GRANTS** in its entirety Defendant Paramo's Motion for Summary Judgment (ECF No. 181), and **GRANTS IN PART AND DENIES IN PART**, as stated above, Defendant Zendejas's Motion for Summary Judgment (ECF No. 181).

**IT IS SO ORDERED.**

Dated: July 12, 2021

Hon. Janis L. Sammartino
United States District Judge

4