UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                        Plaintiff,<br><br>     vs.<br><br>DANIEL PARAMO, et al.,<br><br>                        Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND DECLARATIONS**<br><br>(ECF Nos. 242–44) |

Presently before the Court are three filings from Plaintiff Mychal Andra Reed: (1) Plaintiff's Judicial Notice: Retaliation by Defendants and Request Order to Stop ("RJN," ECF No. 242), dated February 20, 2022; (2) Plaintiff's Declaration ("1st Decl.," ECF No. 243), dated March 6, 2022; and (3) Plaintiff's Declaration ("2d Decl.," ECF No. 244), dated March 24, 2022.

On September 23, 2021, Plaintiff allegedly committed the act of battery causing serious injury on a fellow inmate named Richard Joseph Crane. RJN at 2–3; 2d Decl. at 5. Plaintiff admits that "[he] did in fact punch inmate [Crane]," RJN at 2, but Plaintiff claims that Crane was not seriously injured as a result of the incident, *see id.* at 3. Plaintiff claims that his due process rights are being violated by the prison's refusal to provide him with evidence of the allegedly serious injury he caused Crane to suffer. *Id.* at 2. Plaintiff further

claims that the prison failed to tell Plaintiff about the Rules Violation Report ("RVR") hearing held on November 4, 2021, and that he was found guilty without attending the hearing. *Id.* According to Plaintiff, prison officials falsely claim that Plaintiff refused to take part in the hearing. 2d Decl. at 2. Plaintiff also argues that prison officials forged the "RVR Supplemental" memorializing Plaintiff's supposed interview with an Investigative Employee. RJN at 3; *see also id.* Ex. A. Additionally, Plaintiff claims that he filed an inmate appeal on December 5, 2021, and that prison staff refused to respond by the February 12, 2022 response deadline. *Id.* at 2. Plaintiff claims that prison officials are trying to prevent Plaintiff from exhausting his administrative remedies, *see id.* at 3, and that, to that end, they have been intercepting his legal mail to the CDCR Office of Appeals, 1st Decl. at 2. Plaintiff claims that he has been in the administrative segregation unit ("ASU") since the incident. *See* RJN at 2.

Plaintiff essentially argues that he is being retaliated against because of the instant lawsuit and because of the recent unfavorable rulings against CDCR officials in *Armstrong v. Newsom*, No. 4:94-cv-2307 CW (N.D. Cal.). *Id.* at 3. He claims that "Defendants and affiliates (CDCR and comrades) main goal is to keep Plaintiff in ASU so he can not adequately litigate his case." *Id.* at 4. Plaintiff claims he lost 181 days of credit, which ended March 22, 2022, as a result of the RVR hearing, but that he was still in ASU as of March 24, 2022, without any explanation justifying his extended punishment. 2d Decl. at 3. Plaintiff asks the Court to investigate the alleged retaliation and to subpoena Crane, which "would be all the proof needed to show false report." RJN at 4. He also asks the Court "to issue an order to stop Defendants from retaliating against Plaintiff under the guise of procedure." *Id.* at 1.

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)), *cert. denied*, 139 S. Ct. 2615 (2019). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"

1  *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)).  Here, it is not appropriate for the Court to take
2  judicial notice of the facts alleged by Plaintiff, as it is clear that they are subject to dispute.
3  Plaintiff claims he did not cause severe injury to a fellow inmate, and prison officials claim
4  he did and punished him as a result.  The Court also finds that the allegations that prison
5  officials have forged documents, intercepted Plaintiff's legal mail, or wrongfully kept him
6  in ASU to prevent him from litigating the present matter are not matters "not subject to
7  reasonable dispute" such that the Court may judicially notice them.  Accordingly, the Court
8  **DENIES** Plaintiff's RJN.

9       To the extent Plaintiff asks the Court to subpoena Crane, the Court again **DENIES**
10 the request.  Discovery has closed in this matter, and Defendants' Motion for Summary
11 Judgment, Magistrate Judge Daniel E. Butcher's Report and Recommendation ("R&R")
12 thereon, and Plaintiff's Objections to the R&R are presently before this Court.  Plaintiff
13 has not moved to reopen discovery; even had he done so, such a motion would be properly
14 decided by Judge Butcher rather than this Court.

15      Finally, to the extent Plaintiff asks this Court to investigate the new facts he alleges
16 and grant him relief on the basis thereof, those allegations are not contained within
17 Plaintiff's operative Second Amended Complaint ("SAC," ECF No. 60).  Plaintiff has not
18 sought leave of the Court to amend his SAC to state a claim on the basis of these new facts,
19 and it is not clear to the Court that the named Defendants in this action are the same parties
20 who have committed these new allegedly retaliatory acts against Plaintiff.  Accordingly,
21 the Court also **DENIES** Plaintiff's request to order Defendants to stop these new allegedly
22 retaliatory acts against Plaintiff.

23      To the extent Plaintiff desires to assert a retaliation claim based on the September
24 23, 2021 battery and the disciplinary proceedings that followed, he may file a new and
25 separate civil action against the appropriate parties, along with the $402 civil filing fee
26 / / /
27 / / /
28 / / /

or a properly supported application to proceed *in forma pauperis*, once he has exhausted his administrative remedies and within the applicable limitations period.

**IT IS SO ORDERED**.

Dated: April 15, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge