UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDGE TO RECUSE HERSELF FROM HIS CASE**<br><br>(ECF No. 265) |

Presently before the Court is Plaintiff Mychal Andra Reed's ("Plaintiff" or "Reed") "Request for Judge to Recuse Herself from his Case" ("Mot.," ECF No. 265). Having carefully considered Plaintiff's Motion and the law, the Court **DENIES** the Motion for the reasons that follow.

## BACKGROUND

The factual and procedural background of this matter are familiar to the Parties, and accordingly the Court recites here only those facts relevant to the instant Motion.

Plaintiff is a deaf inmate housed at California Correctional Institution. *See generally* Mot. Ex. B. On May 27, 2022, after significant motion practice over a period of four years, the Court concluded that one portion of one of Plaintiff's First Amendment retaliation claims against Defendant E. Zendejas survived summary judgment. *See generally* ECF


No. 249.  The Court granted Plaintiff an opportunity to move for Court-appointed counsel and set a deadline for the Parties to meet and confer concerning pretrial dates.  *See id.* at 28.

Instead, Plaintiff moved for reconsideration of the Court's May 27, 2022 Order.  *See* ECF No. 252.  The Court continued the Parties' meet-and-confer deadline, *see* ECF No. 253, and ultimately denied Plaintiff's reconsideration request, *see* ECF No. 255.  The Court set new deadlines for Plaintiff to move to appoint counsel and for the Parties to meet and confer.  *See id.* at 5.  Plaintiff moved to appoint counsel, *see* ECF No. 256, but shortly thereafter withdrew his request, *see* ECF No. 259.  The Court "strongly encourage[d] Plaintiff to take advantage of the resource of Court-appointed pro bono counsel," but also "[wa]s mindful that it is Plaintiff's prerogative to continue to represent himself if that is his preference."  ECF No. 261 at 1.  Accordingly, the Court granted Plaintiff's request to remain pro se.  *See id.* at 1–2.

Plaintiff's motion additionally sought a transfer to the Eastern District of California and a further extension of the meet-and-confer deadline in light of Plaintiff's participation in another civil matter.  *See generally* ECF No. 259.  The Court granted the extension request and set a new deadline of October 28, 2022, *see* ECF No. 261 at 2, but denied without prejudice the motion to transfer given that Plaintiff failed to demonstrate either that the case might have been brought in the Eastern District or that Defendant E. Zendejas consented to the transfer, *see id.*

On October 28, 2022, the deadline for the Parties to submit pretrial dates, Plaintiff filed a motion to stay.  *See* ECF No. 263.  Plaintiff "request[ed] an indefinite delay in his case" due to "being severely injured on 9/15/22."  *Id.* at 1.  Plaintiff claimed to be physically, mentally, and emotionally incapable of litigating the case, but provided the Court with no details about his injury in his two-page filing.  *See generally id.*  Accordingly, the Court denied the request without prejudice and set a new deadline of December 1, 2022, for the Parties to submit proposed pretrial dates.  *See generally* ECF No. 264.  The instant Motion followed.  *See* Mot.

Plaintiff essentially argues recusal is warranted because:

(1) The undersigned has "disregarded the insurmounted [sic] evidence [Plaintiff] presented," ECF No. 265-1 ("Office of Circuit Exec. Compl.") at 1;

(2) Plaintiff alleges that the foregoing conduct of the undersigned "only encouraged additional retaliatory conduct toward [Plaintiff]" and "directly led to [him] being falsely charged" of injuring another inmate and a prison official. *Id.* at 2. On the basis of these alleged false charges, Plaintiff was transferred to another prison, "where [he] was seriously injured. (Current injury: broken left eye socket and fractured left facial bone[)]." *Id.* According to Plaintiff, the undersigned is "partially responsible for [Plaintiff's] injuries due to negligence and prejudice, by not responding (at all) to [Plaintiff's] pleas to inte[r]vene via injunction or something lawful (erroneously dismissed ADA claim)," *id.* at 2–3;

(3) The Court sent Plaintiff a Report and Recommendation "late, (October 2019), 2 days to the deadline to respond, then denied [Plaintiff's] request to respond[,] . . . believ[ing] RJDCF phony declarations with no proof," *id.* at 3;

(4) The undersigned denied Plaintiff's October 28, 2022 motion to stay, *id.* at 3–4; and

(5) The undersigned denied Plaintiff's motion to change venue, *id.* at 4.

The Motion further speculates that the undersigned is prejudiced against Plaintiff because he is "a current prisoner and a Black American litigant." *Id.*

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Section 144 of the same title provides that a judge must recuse "whenever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "Those provisions require recusal where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably

be questioned.'" *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Under both provisions, the reviewing court must determine whether the request to recuse is both timely and sufficient. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (holding requests to recuse under section 455(a) must be timely); 28 U.S.C. § 144 (noting affidavits must be "timely and sufficient"). Assuming that the affidavit is timely, Section 144 further requires that the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. This requirement "serves a preventative purpose to avoid the filing of frivolous affidavits." *United States v. Bennett*, No. SACR 03-25 AHS, 2008 WL 2025074, at *2 (C.D. Cal. May 5, 2008).

## ANALYSIS

Plaintiff seeks the undersigned's recusal pursuant to both 28 U.S.C. §§ 455 and 144. *See* Mot. at 1.

### I.   Section 144

As an initial matter, Plaintiff's recusal request is procedurally defective, as Plaintiff's filing is accompanied by neither an affidavit nor a certificate of counsel of record stating that the affidavit is made in good faith. Even had Plaintiff submitted an affidavit and certified that it was made in good faith, "as a *pro per* plaintiff, [Plaintiff] cannot make the certification." *Bennett*, 2008 WL 2025074, at *2 (citing *Williams v. N.Y. City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003); *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996)). "Some courts have concluded that an individual proceeding *in pro per* cannot proceed under Section 144," while "[o]ther courts have ruled that the affidavit of any counsel who is a member of the bar may sign the certificate of good faith." *Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 2650714, at *3 (E.D. Cal. July 1, 2010) (collecting cases). Because Plaintiff has submitted neither an affidavit nor a certification of good faith from a member of the bar, he "cannot proceed pursuant to Section 144." *See id.*

///

Second, Plaintiff's request is substantively insufficient because it fails to allege facts that would lead a reasonable person to conclude that the undersigned has personal bias and/or prejudice toward Plaintiff "stem[ming] from an extrajudicial source." *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger*, 255 U.S. at 31); *see also Studley*, 783 F.2d at 939 ("The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984))).

In assessing the sufficiency of a plaintiff's recusal affidavit, the court determines "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct. for C.D. Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington v. Cnty. of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.* (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). For purposes of a motion to disqualify, "[t]he judge is presumed to be qualified, and thus there is a substantial burden upon the moving party to show that such is not the case." *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001) (citing *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976)); *accord First Interstate Bank of Ariz., N.A. v. Murphy, Weid & Butler*, 210 F.3d 983, 987 (9th Cir. 2000) ("Judicial impartiality is presumed.") (collecting cases). Consequently, "[t]he affidavit is strictly construed for sufficiency against the party seeking disqualification," *Zagari*, 419 F. Supp. at 501 (citing *Beland v. United States*, 117 F.2d 958, *cert. denied*, 313 U.S. 985 (1941)), and, "[w]hile the facts set out in the affidavits must be accepted as true, the judge passing on the legal sufficiency of the affidavit is not required to accept the construction placed on them by the movant or the particular affiant," *id.*; *see also Grinnell Corp.*, 384 U.S. at 583 (rejecting construction of trial judge's comment advanced by movant). Finally, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the

merits on some basis other than what the judge learned from his participation in the case." *Grinnell Corp.*, 384 U.S. at 583 (citing *Berger*, 255 U.S. at 31).

The Ninth Circuit has articulated the following "helpful, nonexhaustive list of various matters not ordinarily sufficient to require" disqualification:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Clemens*, 428 F.3d at 1178–79 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Each of Plaintiff's grounds for disqualification boil down to Plaintiff's dissatisfaction with prior Orders in this proceeding and, consequently, are not a proper basis for disqualification; rather, Plaintiff's remedy is through appeal. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."); *Jimena*, 2010 WL 2650714, at *5 ("To the extent Plaintiff's motion is based on his disagreement with various rulings made in this case, rulings in the action are not a basis for recusal but rather, for appeal at the appropriate time."); *see also McColm v. Kistler*, No. C 06-06274 SI, 2007 WL 735771, at *7 (N.D. Cal. Mar. 7, 2007) ("A difference of opinion about the propriety of legal orders is not sufficient to establish impartiality.") (citing *In re Smith*, 317 F.3d 918, 930 (9th Cir. 2002)). The Court's

1  determinations as to what evidence is sufficient and/or credible, and the Court's denial of
2  Plaintiff's motions to transfer venue and stay, were based on the evidence of record in this
3  matter and the law, and Plaintiff has brought forth no evidence from extrajudicial sources
4  to the contrary.  "Thus, [Plaintiff]'s disagreements with Judge [Sammartino]'s rulings and
5  legal conclusions, or her decision to credit evidence submitted by defendants, does not
6  demonstrate the kind of bias that would warrant her recusal." *Waters v. Howard Sommers*
7  *Towing*, No. CV1005296CASAJWX, 2012 WL 13005445, at *2 (C.D. Cal. Jan. 31, 2012).

8        Plaintiff's threadbare insinuations that the undersigned is prejudiced against him due
9  to Plaintiff's status as a prisoner and/or on account of his race fail to support
10 disqualification.  These contentions are conclusory and wholly unsupported, and
11 accordingly do not merit the granting of Plaintiff's motion. *See, e.g.*, *Williams v. Corcoran*
12 *State Prison*, No. 121CV01009JLTBAMPC, 2022 WL 1093976, at *2 (E.D. Cal. Apr. 12,
13 2022) (denying recusal motion where the plaintiff's "other conclusory allegations
14 regarding bias," including allegations of racial bias and bias toward indigent *pro se*
15 inmates, were "based on nothing more than speculation" and therefore were "legally
16 insufficient to establish a reasonable question as to the undersigned's impartiality or that a
17 bias or prejudice exists"); *Rivera v. Gen. Conf. of Seventh-Day Adventists*, No. CIV. 95-
18 1121-AS, 1995 WL 689356, at *1 (D. Or. Nov. 13, 1995) (denying recusal motion based
19 solely upon "an unsupported contention that that ruling was motivated by racial
20 prejudice"); *Nolan v. Palmer*, No. 3:09-CV-00188-RCJ, 2012 WL 4510977, at *2 (D. Nev.
21 Sept. 28, 2012) (denying recusal motion as groundless where claims of alleged "racial
22 discrimination, education discrimination, and threats" were supported only by the court's
23 adverse decisions against the plaintiff and therefore not "any 'extrajudicial source'"), *aff'd*,
24 585 F. App'x 534 (9th Cir. 2014).

25     Not only do Plaintiff's individual grounds fail, but, "[s]ince the whole is not greater
26 than the sum of its parts in this matter, the aggregate of these grounds also does [not]
27 provide grounds for disqualification."  *See In re Agha*, No. 10-16183-A-7, 2013 WL
28 6706001, at *2 (Bankr. E.D. Cal. Dec. 17, 2013); *see also United States v. Holland*, 519

F.3d 909, 917 (9th Cir. 2008) ("When reviewing the situation as a whole, we cannot conclude that a reasonable person in possession of all the facts would determine that the district court conducted the proceedings on the basis of anything but the merits of the case. Nor can we conclude that the judge had a personal bias or prejudice concerning the defendant."). Accordingly, the Court **DENIES** Plaintiff's Motion for disqualification under Section 144.

## II. Section 455

Because "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same," *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)), the Court also **DENIES** Plaintiff's Motion to the extent it seeks recusal under Section 455, *see supra* Section I; *see also, e.g.*, *Yagman*, 987 F.2d at 626–27 (affirming district court's denial of motion under Sections 144 and 455); *Thomas v. Beutler*, No. 2:10-CV-1300 MCE CKD, 2012 WL 3070555, at *3 (E.D. Cal. July 26, 2012) (denying motion for recusal under Section 455 after determining that motion for disqualification under Section 144 would be denied).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 265). The Parties **SHALL MEET AND CONFER** concerning pretrial issues and **SHALL FILE** a list of proposed pretrial dates on or before February 10, 2023.

**IT IS SO ORDERED.**

Dated: January 5, 2023

Hon. Janis L. Sammartino
United States District Judge