UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                       Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                       Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>(ECF Nos. 274) |

    Presently before the Court is Plaintiff Mychal Andra Reed's Motion to Stay ("Mot.," ECF No. 274). The Motion requests "all proceedings be delayed 90 days." *Id.* at 3. Plaintiff represents that "he is in no <u>position</u> nor <u>condition</u> to proceed at this current time." *Id.* (emphasis in original).

    In October 2022, Plaintiff moved for an indefinite stay of this matter. *See generally* ECF No. 263. However, on November 1, 2022, the Court denied Plaintiff's request without prejudice. *See generally* ECF No. 264. In so doing, the Court apprised Plaintiff of the legal standard applied to motions to stay, including the fact that the party requesting a stay has the burden of establishing that the requested stay is warranted, and explained why the relevant factors did not merit a stay at that time despite Plaintiff's wholesale failure to address them. *See generally id.*

In his present Motion, Plaintiff once more fails to address the factors considered in determining whether to grant a stay request. *See generally* Mot.; *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting that the relevant considerations in assessing a motion to stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies") (citation and internal quotation marks omitted); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020) (applying same factors in assessing request for stay pending appeal). Accordingly, Plaintiff fails to carry his burden of establishing that a stay is warranted.

Even affording Plaintiff's pro se Motion the benefit of the doubt and independently analyzing the relevant factors, the Court finds that a stay is not justified at this time. Although one portion of one of Plaintiff's claims against one Defendant has survived summary judgment, Plaintiff has not convinced the Court that his chance of success on the merits is "'better than negligible.'" *Nken*, 556 U.S. at 434 (citation omitted). This is particularly so given that Plaintiff refused the Court's invitation to be represented by appointed counsel following summary judgment. *See* ECF No. 249 at 28 (May 27, 2022 Order inviting Plaintiff to file a motion for appointment of counsel); ECF No. 256 (July 21, 2022 Motion to Appoint Counsel); ECF No. 259 (August 15, 2022 Motion to Withdraw July 21, 2022 Motion); ECF No. 261 (August 26, 2022 Order granting Motion to Withdraw because, "[a]lthough the Court strongly encourages Plaintiff to take advantage of the resource of Court-appointed pro bono counsel, the Court is mindful that it is Plaintiff's prerogative to continue to represent himself if that is his preference"). Given Plaintiff's determination to remain pro se and the weakness of the grounds and evidence that merited survival of his partial claim past the summary judgment stage of this litigation, the Court finds Plaintiff's likelihood of success to be exceedingly low.

"By the same token, simply showing some 'possibility of irreparable injury[]' . . . fails to satisfy the second factor," *Nken*, 556 U.S. at 434–35 (citation omitted),

particularly where, as here, the plaintiff has made a weak showing on the first factor, *see Al Otro Lado*, 952 F. 3d at 1010 ("Only 'a stronger showing of one element may offset a weaker showing of another.'" (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011))).  Given that this Court has concluded that the undersigned's impartiality cannot reasonably be questioned and that no extrajudicial bias or prejudice against Plaintiff exists, *see generally* ECF No. 267, and given that the Ninth Circuit denied Plaintiff's petition for writ of mandamus challenging that order, *see generally* ECF No. 270, the Court finds Plaintiff's claim that "it would be impossible for him to have <u>fair</u> dealings or for Sammartino to not be prejudicial toward him" to lack merit, *see* Mot. at 2 (emphasis in original).  Plaintiff's professed intention to appeal the denial of his petition for writ of mandamus to the Supreme Court also fails to establish irreparable injury, as the appeal itself, much less the grant of any relief pursuant thereto, is purely speculative at this juncture.  *See id.* at 1.  Finally, while the Court is sympathetic to Plaintiff's representation that he is presently housed in the administrative segregation unit and lacks access to his property and legal papers, *see id.* at 2, Plaintiff also indicates that "[h]e is waiting to be transfer[r]ed to another prison facility," *id.*  Given that the first pretrial deadline Plaintiff presently faces is the filing of his memorandum of contentions of fact and law and his compliance with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26 on June 14, 2023, *see* ECF No. 273 at 2, and in light of the fact that Plaintiff provides no details about the estimated timing of his transfer or the likely duration of his stay in administrative segregation, the Court finds that Plaintiff has not established that he would be irreparably injured absent a stay, particularly as the Court will, of course, entertain appropriate motions to extend the pretrial deadlines to the extent necessitated by any continuing lack of access to necessary legal materials.  Accordingly, Plaintiff faces no irreparable injury absent a stay.

      "'The first two factors . . . are the most critical'; the last two are reached only '[o]nce an applicant satisfies the first two factors.'" *Al Otro Lado*, 952 F.3d at 1007 (quoting *Nken*, 556 U.S. at 434–35).  Here, Plaintiff has not satisfied the first two factors; accordingly, the

Court need not reach the remaining factors. Nonetheless, the third and fourth *Nken* factors are of no help to Plaintiff, as Defendant Zendejas, the Court, and the public each has an interest in the expeditious disposal of these proceedings, which have been pending for more than five years. *See Hoffmann v. Price*, No. 2:15-CV-1527 DB P, 2019 WL 498991, at *5–6 (E.D. Cal. Feb. 8, 2019) (noting, in case that had been pending for more three and a half years, that further delay "would inflict substantial injury on defendants" and "both the court and the public have an interest in the court disposing of cases in an expedient manner" (citations omitted)). Defendant Zendejas has a strong interest in having the claim against her decided, and the Court and the public have a strong interest in resolving this long-standing matter and freeing up resources to determine the claims of other plaintiffs.

In sum, because none of the *Nken* factors favor the granting of a stay, the Court **DENIES** Plaintiff's Motion (ECF No. 274).

**IT IS SO ORDERED.**

Dated: March 29, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge