UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                                        Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                                        Defendants. | Case No.:  18-CV-361 JLS (DEB)<br><br>**ORDER (1) DENYING PLAINTIFF'S RECUSAL MOTION; (2) GRANTING PLAINTIFF'S EXTENSION REQUEST; (3) GRANTING DEFENDANT'S MOTION TO CONTINUE; AND (4) SETTING REVISED PRETRIAL SCHEDULE**<br><br>(ECF Nos. 273, 277, 279 & 283) |

Presently before the Court are Plaintiff Mychal Andra Reed's ("Plaintiff" or "Reed") "Judicial Notice/Status/Recusal Request" ("Recusal Mot.," ECF No. 277), which the Court construes as a renewed motion to recuse, and "Judicial Notice (Status)" ("Ext. Req.," ECF No. 279), which the Court construes as a request for an extension of the present pretrial deadlines.  Also before the Court is Defendant E. Zendejas's Ex Parte Application to Reschedule the August 10, 2023 Pretrial Conference ("Mot. to Continue," ECF No. 283). Having considered the Parties' filings and the law, the Court **DENIES** the Recusal Motion, **GRANTS** the Extension Request, **GRANTS** the Motion to Continue, and **SETS** a revised pretrial schedule of dates and deadlines (ECF No. 273).

## BACKGROUND

The factual and procedural background of this matter are familiar to the Parties, and accordingly the Court recites here only those facts relevant to the instant Recusal Motion, Extension Request, and Motion to Continue.

On May 27, 2022, this Court issued a ruling on Defendants' Motion for Summary Judgment, Magistrate Judge Daniel E. Butcher's Report and Recommendation thereon, and Plaintiff's Objections thereto. *See* ECF No. 249. The Court has, since that date, ordered the Parties repeatedly to meet and confer concerning pretrial deadlines and to submit a proposed schedule of pretrial dates to the Court. *See, e.g.*, *id.* at 28; ECF No. 253; ECF No. 255 at 5; ECF No. 258; ECF No. 261 at 2; ECF No. 264 at 2; ECF No. 267 at 8; ECF No. 271. Eventually, on March 15, 2023, the Court issued its Order Setting Pretrial Schedule, *see* ECF No. 273, which adopted Defendant's proposed schedule, *see* ECF No. 272.

In the nearly one year since the Court's summary judgment ruling, this Court has also denied the following motions filed by Plaintiff: a motion for reconsideration of that order, *see* ECF No. 255; multiple motions to stay, *see* ECF Nos. 264 & 276; a motion to transfer, *see* ECF No. 261; and a motion for recusal, *see* ECF No. 267. In addition, Plaintiff filed a petition for writ of mandamus in the Ninth Circuit challenging the Court's recusal order. *See* ECF No. 269. That petition was denied on February 27, 2023. *See* ECF No. 270.

Now, in his April 12, 2023 Recusal Motion, "Plaintiff again, ask[s] Judge Sammartino to recuse herself from his case." Recusal Mot. at 6. His request appears to be premised on the fact that Plaintiff, as of that date, had not yet received a copy of "the <u>alleged</u> denial of his writ of mandamus that this court claims was denied on February 27, 2023," *id.* at 2 (emphasis in original); accordingly, Plaintiff deemed "the denial statement by this court . . . <u>suspect</u>," *id.* at 3 (emphasis in original). Plaintiff also asserts that it is a "conflict of interest" for the undersigned to preside over this action given "that Plaintiff has a pending complaint of misconduct (overt prejudice) by sitting Judge Janis L.

Sammartino in the Office of the Circuit Executive." *Id.* Finally, he argues that this Court "dismiss[ed] (erroneously) all his claims that can be easily proven via evidence already presented to this Court, but le[ft] Plaintiff with the <u>least</u> provable claim, a clear show of the <u>hate</u> and <u>anger</u> toward Plaintiff because of his great clarity of the Judge[']s efforts to destroy his complaint case under the guise of procedure." *Id.* at 4.

In the April 16, 2023 Extension Request, Plaintiff acknowledges finally receiving the Ninth Circuit's order on his mandamus petition on April 12, 2023, and indicates that "Plaintiff will, therefore, adhere to this Court[']s orders." *See* Ext. Req. at 1. However, the Extension Request also states that Plaintiff still is not in possession of his legal documents pertinent to this case, and that he has not had possession of his personal property since March 3, 2023. *Id.* at 1–2. Plaintiff notes that "this very serious circumstance . . . is, in fact, hindering him from adhering to this Court[']s most recent order." *Id.* at 3.

On May 4, 2023, Defendant filed a "Notice Regarding Plaintiff Receiving His Property" ("Notice," ECF No. 281), which indicates that Kern Valley State Prison staff provided Plaintiff with all his remaining property effective May 2, 2023. *See generally id.*; *see also id.* Ex. A (correspondence confirming delivery of Plaintiff's property); *id.* Ex. B (Inventory Action Taken reflecting all Plaintiff's remaining inventory was issued on May 2, 2023).

On May 9, 2023, Defendant filed the Motion to Continue, which seeks to reschedule the August 10, 20223 Pretrial Conference in light of an out-of-state trip and previously scheduled trial. *See generally* Mot. to Continue.

## RECUSAL MOTION

It is not clear whether Plaintiff's Extension Request, vowing to adhere to this Court's Orders in light of the denial of his mandamus petition concerning the recusal issue, was effectively a withdrawal of his Recusal Motion. *See* Ext. Req. at 1. Accordingly, the Court will address the Recusal Motion on the merits.

As the Court previously noted, under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which

h[er] impartiality might reasonably be questioned."  Section 144 of the same title provides that a judge must recuse "whenever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  "Those provisions require recusal where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

Plaintiff's recusal request is substantively deficient because it fails to allege facts that would lead a reasonable person to conclude that the undersigned has personal bias and/or prejudice toward Plaintiff "stem[ming] from an extrajudicial source."  *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)).  For purposes of a motion to disqualify, "[t]he judge is presumed to be qualified, and thus there is a substantial burden upon the moving party to show that such is not the case."  *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001) (citing *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976)); *accord First Interstate Bank of Ariz., N.A. v. Murphy, Weid & Butler*, 210 F.3d 983, 987 (9th Cir. 2000) ("Judicial impartiality is presumed.") (collecting cases).

The Ninth Circuit has articulated the following "helpful, nonexhaustive list of various matters not ordinarily sufficient to require" disqualification:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but

4

which are in fact false or materially inaccurate or misleading; and
(7) threats or other attempts to intimidate the judge.

*Clemens v. U.S. Dist. Ct. for C.D. Cal.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Plaintiff's grounds for disqualification boil down to either (i) dissatisfaction with prior Orders in this proceeding, or (ii) baseless personal attacks against the undersigned, and consequently are not proper bases for recusal. This Court's Orders in this case, including its Orders on Defendant's motion for summary judgment and Plaintiff's prior motion for recusal, were based on the evidence of record in this matter and the law, and Plaintiff has brought forth no evidence from extrajudicial sources to the contrary. "Thus, [Plaintiff]'s disagreements with Judge [Sammartino]'s rulings and legal conclusions, or her decision to credit evidence submitted by defendants, does not demonstrate the kind of bias that would warrant her recusal." *Waters v. Howard Sommers Towing*, No. CV1005296CASAJWX, 2012 WL 13005445, at *2 (C.D. Cal. Jan. 31, 2012).

Further, Plaintiff's threadbare insinuations that the undersigned wants him to "look like a 'fool,'" Recusal Mot. at 4; has a "'conflict of interest'" because Plaintiff "has a pending complaint of misconduct (overt prejudice) . . . in the Office of the Circuit Executive" against the undersigned, *id.* at 3; or "is assisting/aiding defendants by skewing law and procedure, which is actually appauling [sic] conduct by an <u>alleged</u> honorable justice," *id.* at 6 (emphasis in original), are conclusory and wholly unsupported, and accordingly do not merit the granting of Plaintiff's motion. *See, e.g.*, *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995) (noting that "[i]t has long been established . . . that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge," and that "[m]odern courts continue to adhere to this view, and with good reason") (citations omitted); *Nolan v. Palmer*, No. 3:09-CV-00188-RCJ, 2012 WL 4510977, at *2 (D. Nev. Sept. 28, 2012) (denying recusal motion as groundless where claims of bias were supported only by the court's adverse decisions against the plaintiff and therefore not "any 'extrajudicial

source'"), *aff'd*, 585 F. App'x 534 (9th Cir. 2014); *United States v. Lindsey*, No. SACV06476DOCRNBX, 2007 WL 9662267, at *2 (C.D. Cal. Dec. 13, 2007) ("[T]he Court is not aware of any power on the part of the Circuit Executive to grant the relief which [Plaintiff] seek[s] on [his] recusal motion.").

Not only do Plaintiff's individual grounds fail, but, "[s]ince the whole is not greater than the sum of its parts in this matter, the aggregate of these grounds also does [not] provide grounds for disqualification." *See In re Agha*, No. 10-16183-A-7, 2013 WL 6706001, at *2 (Bankr. E.D. Cal. Dec. 17, 2013). Accordingly, the Court **DENIES** Plaintiff's Recusal Motion.

## MOTIONS TO EXTEND TIME AND CONTINUE

Plaintiff declares, under penalty of perjury, that he has been without his personal property, including his legal documents pertinent to this case, since March 3, 2023, and that this lack of access has hindered him from adhering to this Court's recent Orders. *See generally* Ext. Req. Moreover, since March 3, 2023, Plaintiff "has been transferred back and forth from 3 (three) different prison facilities due to medical reasons." Recusal Mot. at 1. Defendant recently notified the Court that Plaintiff was issued his remaining property on May 2, 2023. *See generally* Notice. Defendant has also requested a continuance of the Pretrial Conference scheduled for August 10, 2023, due to scheduling conflicts. *See generally* Mot. to Continue.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.*

at 1259 (citation omitted).  In a similar vein, pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified upon a showing of "good cause."

The first pretrial deadline in this action is June 14, 2023, only about a month from the date of this Order, at which time the Parties are to file memoranda of contentions of fact and law and comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3).  *See* ECF No. 273 at 2.  Plaintiff was without his property, including his legal materials, for approximately two months.  *See generally* Ext. Req.; Notice.  Accordingly, the Court finds that good cause exists to extend the pretrial schedule previously set in this matter by approximately two months and **GRANTS** the Extension Request.  Accordingly, the Court also **GRANTS** Defendant's Motion to Continue.

The Court **SETS** the following revised pretrial schedule:

| Event | Deadline |
|---|---|
| Memoranda of contentions of fact and law | August 16, 2023 |
| Comply with pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) | August 16, 2023 |
| Meet and take action required by Civil Local Rule 16.1(f)(4) | August 30, 2023 |
| Exchange proposed pretrial order | September 13, 2023 |
| Lodge final pretrial order and objections to pretrial disclosures with Court | October 4, 2023 |
| Final pretrial conference | October 12, 2023, at 1:30 p.m. |

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Recusal Motion (ECF No. 277), **GRANTS** Plaintiff's Extension Request (ECF No. 279), **GRANTS** Defendant's Motion to Continue (ECF No. 283), and **SETS** a revised pretrial schedule of dates and deadlines, as set forth above.

**IT IS SO ORDERED.**

Dated:  May 10, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

7

18-CV-361 JLS (DEB)