UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                     Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                     Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PERTAINING TO COURT'S DENIAL OF HIS MOTION FOR RELIEF OF JUDGEMENT ORDER**<br><br>(ECF No. 294) |

Presently before the Court is Plaintiff Mychal Andra Reed's "Motion for Reconsideration Pertaining to Court's Denial of His Motion for Relief from Judgement Order (Dkt. 290)" ("Mot.," ECF No. 294). Also before the Court is Plaintiff's "Supplemental Case Laws to His Motion for Reconsideration Dated June 12, 2023" ("Supp. Auth.," ECF No. 295).

On May 30, 2023, the Court denied Plaintiff's motion for relief of judgment, which, under Federal Rule of Civil Procedure 60(b), sought relief from the Court's May 27, 2022 Order granting in part Defendants' motion for summary judgment. *See generally* ECF No. 290. The Court denied Plaintiff's motion on the basis that Rule 60(b) applies only to final judgments—which the May 27, 2022 Order was not. *See id.* (citing *Marquez v. Glendale Union High Sch. Dist.*, No. CV-16-03351-PHX-JAT, 2018 WL 6418540, at *2 (D. Ariz.

Dec. 6, 2018)). Plaintiff now seeks reconsideration of the May 30, 2023 Order. *See generally* Mot.

As this Court has previously explained to Plaintiff, in the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff primarily seeks reconsideration on the basis that "this Court totally disregarded and ignored (neglected) that *Marquez* states: 'If there is a "genuine dispute" of material facts on record, *Marquez* does not apply.'" Mot. at 2. Plaintiff asserts that he

1  raised genuine disputes of material fact in his opposition to Defendants' motion for
2  summary judgment, his objections to the Report and Recommendation on the summary
3  judgment motion, and the motion for relief this Court denied, but the Court erred in failing
4  to consider the material facts he identified. *See id.* at 2–3. *Marquez*, however, contains no
5  such statement about its own applicability to other cases. Further, to the extent Plaintiff's
6  Motion contends this Court committed "clear error," significantly, his argument is directed
7  to the Court's decisions concerning summary judgment rather than its uncontroversial
8  ruling that Rule 60(b) is inapplicable to interlocutory orders. This Court refuses to yet
9  again address the merits of the claims it dismissed in the May 27, 2022 Order. Plaintiff
10 already filed, and the Court rejected on the merits, a motion to reconsider that Order, in
11 which the Court expressly stated that it "will entertain no further motions from Plaintiff
12 concerning the May 27, 2022 Order." ECF No. 255 at 5. Plaintiff cannot finagle a
13 subsequent reconsideration of the merits of the May 27, 2022 Order by seeking
14 reconsideration of this Court's denial of untimely Rule 60(b) relief.

15  Plaintiff's Motion also invokes the Court's "overt[] prejudice" toward him, Mot. at
16 3; the fact that his sole remaining claim allegedly "is virtually moot" without the dismissed
17 claims, *id.* at 2; and the fact that the dismissal of his claims will require an appeal that "will
18 be <u>costly</u> to both plaintiff and defendants(s) (and the state of California), <u>unnecessarily</u>,"
19 *id.* at 3–4 (emphasis in original). However, none of these are bases for reconsideration of
20 the May 30, 2023 Order. Plaintiff invokes no new evidence, no clear error of law, and no
21 intervening changes in controlling law. Nothing in Plaintiff's supplemental filing changes
22 the Court's analysis of Plaintiff's Motion. *See generally* Supp. Auth.

23  Accordingly, the Court **DENIES** Plaintiff's Motion (ECF No. 294). The Court will
24 entertain no further motions to reconsider these issues.

25  **IT IS SO ORDERED.**
26 Dated: July 5, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3

18-CV-361 JLS (DEB)