UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>                    Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>                    Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER DENYING RELIEF FROM JUDGMENT**<br><br>(ECF Nos. 303, 306, 307) |

Presently before the Court is Plaintiff Mychal Andra Reed's Motion for Relief of Judgment ("Mot.," ECF No. 303). Also before the Court are Plaintiff's Request for Delay of Bill of Cost Hearing ("First Req.," ECF No. 306), and Plaintiff's Second Request for Verification that this Court Received His Motion for Relief of Judgment ("Second Req.," ECF No. 307) (collectively, the "Requests"). For the reasons provided below, the Court **DENIES** Plaintiff's Motion for Relief and **DISMISSES** as moot Plaintiff's Requests.

## BACKGROUND

The Court incorporates the thorough recitations of this action's factual and procedural background provided in its May 27, 2022 Order ("Summary Judgment Order," ECF No. 249) at 2–10, and sets forth below only those facts relevant to the instant motion.

On November 4, 2020, Defendants D. Paramo and E. Zendejas moved for summary judgment in this matter. *See* ECF No. 181. Following full briefing, on June 18, 2021, Judge Butcher issued a Report and Recommendation ("R&R") advising the Court to grant Paramo's motion in its entirety and to grant in part and deny in part Zendejas's motion. *See* ECF No. 234. Plaintiff timely objected. *See* ECF No. 236. On May 27, 2022, this Court issued an Order sustaining in part and overruling in part Plaintiff's Objections and adopting in part and rejecting in part the R&R. *See generally* Summary Judgment Order. The Order ultimately granted Paramo's motion for summary judgment in full and granted Zendejas's motion as to all claims except Plaintiff's First Amendment retaliation claim (Plaintiff's "final claim") premised upon a November 11, 2017, incident in which she pointed a gun at Plaintiff. *See generally id.*

On June 7, 2022, Plaintiff filed an objection ("First Motion for Reconsideration," ECF No. 252) to the Summary Judgment Order, which the Court construed as a motion for reconsideration, *see* ECF No. 255. The Court denied said motion after finding that Plaintiff failed to raise any new evidence or identify any clear error. *See generally id.*

Then, on May 22, 2023, Plaintiff moved for relief from judgment ("First Motion for Relief from Judgment," ECF No. 288). Plaintiff sought relief from the Summary Judgment Order pursuant to Federal Rule of Civil Procedure 60(b). *See id.* The Court denied that motion without prejudice because Rule 60(b) applies only to final judgments, and the Summary Judgment Order was an interlocutory ruling. *See id.* (*citing Marquez v. Glendale Union High Sch. Dist.*, No. CV-16-03351-PHX-JAT, 2018 WL 6418540, at *2 (D. Ariz. Dec 6, 2018)).

On June 20, 2023, Plaintiff again moved for reconsideration ("Second Motion for Reconsideration," ECF No. 294). Specifically, Plaintiff asked the Court to revisit, not the grant of partial summary judgment, but the Court's denial of Plaintiff's First Motion for Relief from Judgment. *See id.* at 1. Finding that Plaintiff had again failed to state grounds for which reconsideration could be granted, the Court denied the Second Motion for

Reconsideration.  *See generally* ECF No. 296.  The Court noted that much of Plaintiff's argument was directed to the Court's decisions concerning summary judgment, rather than the Court's ruling concerning the inapplicability of Rule 60(b) to interlocutory orders.  *See id.* at 2–3.

On July 17, 2023, Plaintiff filed a Motion to Dismiss, asking the Court "to dismiss his final claim (without prejudice) and to render a final judgment in his case."  *See* ECF 297.  Plaintiff sought to have final judgment entered in this case so he could pursue either an appeal or relief from final judgment pursuant to Rule 60(b).  *See generally id.*  Defendant Zendejas did not oppose the motion, *see* ECF No. 298, which the Court construed as a motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), *see* ECF No. 299.  Finding there was good cause to do so, the Court granted Plaintiff's request and dismissed this action, in its entirety, with prejudice.  *See id.*

Plaintiff's present Motion followed.

## LEGAL STANDARD

### I.     Proper Construction of Plaintiff's Motion

As an initial matter, the Court notes that Plaintiff cites Rule 60(b)(1) and (b)(6) as his bases for seeking relief.  *See* Mot. at 1.  However, "[a] motion's 'nomenclature is not controlling.'"  *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (*quoting Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983)).  Instead, courts "construe [the motion], however styled, to be the type proper for the relief requested."  *Id.* (quoting *Miller*, 709 F.2d at 527).

To determine the applicable legal standard, then, the Court must first decide how to best construe Plaintiff's Motion.  Relevant here are the standards of relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which "apply to motions for reconsideration of final appealable orders and relief from judgment."  *Evanston Ins. Co. v. Venture Point, LLC*, No. 2:20-CV-01783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

    Whether a motion is properly brought pursuant to Rule 59(e) depends on the type of relief sought in the motion and when the motion was filed. "A postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Put another way, a Rule 59(e) motion "request[s] a substantive change of mind by the court." *Hoggett*, 863 F.3d at 1108 (citation omitted). Additionally, a Rule 59(e) motion "must be filed no later than twenty-eight (28) days following entry of the final judgment." *Baker v. Walker*, No. 2:08-CV-01370-KJD, 2011 WL 4345870, at *1 (E.D. Cal. Sept. 14, 2011) (citation omitted). Thus, a motion that seeks reconsideration of a merits issue, and was filed within the twenty-eight days of final judgment, is treated as a Rule 59(e) motion. *See id.*; *Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir.2001).

    The instant Motion is properly considered a Rule 59(e) motion for reconsideration of the Court's Summary Judgment Order. Plaintiff styled his Motion as challenging the Court's July 20, 2023 Order (ECF No. 299), which granted Plaintiff's Motion to Dismiss. *See* Mot. at 1–2. However, Plaintiff spends most of the present Motion arguing that the Court erred in applying the law to the facts of this case in the Summary Judgment Order. *See id.* at 2–10. Plaintiff thus seeks a reconsideration of issues "encompassed in a decision on the merits." Plaintiff's Motion is also timely under Rule 59(e). The Court entered final judgment on July 20, 2023,[1] and Plaintiff filed the Motion on August 4, 2023. *See generally* Docket.

///

---

[1] The twenty-eight-day clock began running when final judgment was entered, not when the Court granted partial summary judgment. *See Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) ("Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment.").

## II. Rule 59(e) Standard

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (citations omitted). "As the Ninth Circuit has explained the clear error standard, '[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (*quoting Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Plaintiff primarily argues that the Court erred in granting partial summary judgment for Defendants in this matter. Specifically, Plaintiff contends that the Court repeatedly "disregarded and ignored undeniable evidence of 'genuine disputes'" of material fact, Mot. at 3; that pursuing his final claim was "moot" if he could not proceed with the claims dismissed at summary judgment, *id.* at 4; and the Court "*has not* exhibited impartial conduct," *id.* at 13. Plaintiff made these same arguments in earlier motions.

1        Plaintiff does not seem to base his arguments on any newly discovered evidence.
2   *See generally* Exs. A–E, ECF No. 303-1.  Indeed, most of the evidence provided was
3   previously submitted to this Court and predates the motion for summary judgment.  The
4   only document Plaintiff may have provided for the first time is a "DPP
5   Disability/Accommodation Summary" (the "Summary," Ex. B), which indicates that
6   Plaintiff's "Primary Method" of addressing his hearing disability is "Written Notes" and
7   that his "Alternative Method" is "Hearing Aids."  The Court notes, however, that the
8   Summary is dated May 5, 2022, which post-dates the incidents in question by over three
9   years.  *See id.*  The Court further notes that the Summary was created *before* Plaintiff filed
10  his First Motion for Reconsideration, yet he fails to explain why the Summary was not or
11  could not have been presented earlier.  In fact, Plaintiff provided a different version of the
12  same document—dated September 29, 2017—with the First Motion for Reconsideration.
13  *See* ECF No. 252-1 at 7.  The 2017 Summary, which dates much closer to the events in
14  question, identifies Plaintiff's "Primary Method" as "Hearing Aids" and his "Alternative
15  Method" as "Read[ing] Lips."  *Id.*  The newly provided Summary is thus insufficient to
16  support Plaintiff's contention that Defendant Zendejas was required to use written notes to
17  effectively communicate with Plaintiff at the time of the relevant events.

18       As Plaintiff has not presented any newly discovered facts, or identified an
19  intervening change in controlling law, *see generally* Mot., he appears to seek
20  reconsideration on the bases of clear error and manifest injustice.  But Plaintiff largely
21  raises the "same arguments, facts, and case law" that this Court has already considered—
22  on several occasions—which is insufficient grounds to grant reconsideration.  *See*
23  *Wargnier v. National City Mortg. Inc.*, No. 09-CV-2721-GPC-BGS, 2013 WL 3810592, at
24  \*2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion
25  reflected the same arguments, facts, and case law that were previously considered and ruled
26  upon by the court).

27       Plaintiff's sole new argument is that the Court erred in dismissing his final claim
28  with prejudice, because his Motion to Dismiss asked for a dismissal *without* prejudice.  *See*

Mot. at 1–2. Plaintiff explains that he requested a dismissal of his final claim so he could attempt to reinstate those previously dismissed by the Court. *See id.* Plaintiff communicated the same intent in his Motion to Dismiss. There, he stated that he "desire[d] a final judgment . . . so he [could] appeal *all* his [sic] dismissed claims," either pursuant to Rule 60(b) or through an appeal to Ninth Circuit Court of Appeals. ECF No. 297 at 2.

Plaintiff appears to misunderstand the relationship between a voluntary dismissal, a final judgment, and appealability. "[A] voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which [a] plaintiff may appeal." *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) (*quoting Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)). But a "voluntary dismissal of all remaining claims with prejudice can . . . create a final appealable judgment." *Id.* (citation omitted). The Court thus dismissed Plaintiff's remaining claim with prejudice to allow him to pursue his desired course of action. *See* ECF No. 299 at 1.

Plaintiff's confusion on this issue, though understandable, does not lend itself to showings of clear error or manifest injustice. Notably, before Plaintiff filed the Motion to Dismiss, the Court warned Plaintiff that he could not attempt to resurrect his earlier claims until "a final decision . . . issued in this case." ECF No. 290 at 2. The Court also provided Plaintiff, on multiple occasions, with the legal standard for requesting reconsideration. *See, e.g.,* ECF No. 233 at 2; ECF No. 255 at 2; ECF No. 296 at 2. And perhaps more importantly, revisiting the Court's ruling on the Motion to Dismiss would not give Plaintiff the relief he seeks. Plaintiff continues to believe that his final claim is moot without the earlier dismissed claims. *See* Mot at 3. As discussed above, though, the Court finds no grounds to reinstate those claims. Plaintiff may thus still wish to appeal this Court's earlier decisions, but a dismissal without prejudice would hinder, rather than aid, that endeavor.[2]

---

[2] For the same reasons, Plaintiff's Motion would fail even if brought pursuant to Rule 60(b). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Relief from Judgment (ECF No. 303) and turns to Plaintiff's Requests. Plaintiff's First Request asked the Court to delay the bill of costs hearing originally scheduled for August 21, 2023. *See generally* First Req. But that hearing was vacated, with "$0.00" taxed against Plaintiff, before the Court received the Request. *See generally* ECF Nos. 304–06. Further, the issuance of this Order addresses Plaintiff's Second Request, which asked the Court to confirm receipt of the current Motion. The Court thus **DISMISSES** Plaintiff's Requests (ECF Nos. 306 & 307) as moot.

**IT IS SO ORDERED.**

Dated: September 14, 2023

Hon. Janis L. Sammartino
United States District Judge

---

beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). So, like Rule 59(e), Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances." *Id.* (quoting *Latshaw*, 452 F.3d at 1103). Here Plaintiff fails to show that he was prevented from properly proceeding with this case due to circumstances outside his control, nor does Plaintiff identify how an injury would be redressed if the Court reconsidered its dismissal of this action.