UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL ANDRA REED,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>D. PARAMO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-CV-361 JLS (DEB)<br><br>**ORDER RESPONDING TO REFERRAL NOTICE**<br><br>(ECF No. 313) |

On February 26, 2018, Plaintiff Mychal Andra Reed—a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP")—filed a complaint pursuant to 42 U.S.C. § 1983 against R.J. Donovan Correctional Facility ("RJD") staff, including Defendants Daniel Parama and E. Zendejas (collectively, "Defendants"). *See* ECF No. 3. Following the Court's ruling on a motion to dismiss, *see* ECF No. 30, Plaintiff filed his Second Amended Complaint ("SAC," ECF No. 60). After much back and forth between the Parties, Defendants moved for summary judgment. *See* ECF No. 181. The Court granted Defendants' Motion for Summary Judgment as to all but one of the claims raised in the SAC. *See* ECF No. 249.

In its Order granting partial summary judgment, the Court informed Plaintiff that it would entertain a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

*Id.* at 28.  Plaintiff filed such a motion, *see* ECF No. 256, but later moved to withdraw it, *see* ECF No. 259.  The Court allowed Plaintiff to withdraw his request, though it strongly encouraged him to take advantage of the resource of Court-appointed pro bono counsel. *See* ECF No. 261.  Plaintiff also filed several motions asking the Court to reconsider its summary judgment decision.  *See* ECF Nos. 252, 288, 294, 303.  The Court denied each one.  *See* ECF Nos. 255, 290, 296, 309.  Plaintiff later filed a motion to voluntarily dismiss his final claim, ECF No. 297, which the Court granted, ECF No. 299.  Then, on September 28, 2023, Plaintiff filed a Notice of Appeal (ECF No. 310).

The United States Court of Appeals for the Ninth Circuit now refers this matter to the Court for the "limited purpose of determining whether [IFP] status should continue for this appeal or whether the appeal is frivolous or taken in bad faith."  ECF No. 313 at 1. Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed IFP in district court may continue under that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous.  *See Ellis v. United States*, 356 U.S. 674, 674–75 (1958).  And 28 U.S.C. § 1915(a)(3) similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith.  For purposes of § 1915, an appeal is "frivolous" if it lacks any arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (explaining that an indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

After review of the record herein, the Court concludes that Plaintiff's appeal lacks any arguable basis in law or fact, and thus is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  Accordingly, the Court hereby **REVOKES** Plaintiff's IFP status.

///
///
///
///

1  The Clerk of Court is **DIRECTED** to notify the Ninth Circuit Court of Appeals of this
2  Order.  *See* Fed. R. App. P. 24(a)(4).
3      **IT IS SO ORDERED**.
4  Dated:  October 16, 2023

*[Signature]*
Hon. Janis L. Sammartino
United States District Judge